**CASE NO. 25-12673-B**

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE ELEVENTH CIRCUIT



LAURA LOOMER

Plaintiff-Appellant,

v.

CAIR FLORIDA, INC., et al

Defendants-Appellees.

## APPEAL FROM AN ORDER
## OF THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA

## APPENDIX

*/s/ Laura Loomer*
Laura Loomer
PO Box 651444
Vero Beach, FL 32965
Laura.loomer93@gmail.com

*Pro Se*

1

# **INDEX**

DOCKET SHEET ........................................................................................Tab A

NOTICE OF FILING SETTLEMENT .........................................................Tab 103

MAGISTRATE REINHART'S ORDER .......................................................Tab 154

JUDGE RUIZ'S ORDER ..............................................................................Tab 157

NOTICE OF APPEAL ..................................................................................Tab 158

# TAB/DKT A

# U.S. District Court
## Southern District of Florida (West Palm Beach)
## CIVIL DOCKET FOR CASE #: 9:19-cv-81179-RAR

ILLOOMINATE MEDIA, INC. et al v. CAIR FLORIDA, INC. et al

Assigned to: Judge Rodolfo A. Ruiz, II
Referred to: Magistrate Judge Bruce E. Reinhart
Case in other court: 19-14741-G
               USCA, 21-13018-JJ
               22-10718-AA
               USCA, 24-13324-G
               USCA, 25-12673-B
               Fifteenth Judicial Circuit, 50-02019-CA-5121-XXXX
Cause: 28:1332 Diversity-Notice of Removal

Date Filed: 08/22/2019
Date Terminated: 11/19/2019
Jury Demand: Plaintiff
Nature of Suit: 190 Contract: Other
Jurisdiction: Diversity

**Plaintiff**

**ILLOOMINATE MEDIA, INC.**
*A Florida Corporation*

represented by **Steven William Teppler**
Sterlington, PLLC
228 Park Avenue South
New York, NY 10003
202-253-5670
Email: steppler@mblawfirm.com
*TERMINATED: 03/03/2021*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Arielle Klepach**
National Jewish Advocacy Center
3 Times Square
New York, NY 10036
332-278-1100
Email: arielle@njaclaw.org
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Craig William Young**
CWY Legal and Consulting
630 S Sapodilla Avenue
529
West Palm Beach, FL 33401
561-568-1000
Email: craig@cwylegal.com
*ATTORNEY TO BE NOTICED*

**Erielle Azerrad**
National Jewish Advocacy Center
3 Times Square

New York, NY 10036
(332) 278-1100
Email: ErielleA@njaclaw.org
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Larry Elliot Klayman**
Klayman Law Firm
7050 W. Palmetto Park Rd, #15-287
Boca raton, FL 33433
3105950800
Email: leklayman@gmail.com
*ATTORNEY TO BE NOTICED*
*SUSPENDED 07/22/2023*

**Lauren X. Topelsohn**
Mandelbaum Salsburg P.C.
3 Becker Farm Road
Roseland, NJ 07068
973-736-4600
Email: ltopelsohn@lawfirm.ms
*TERMINATED: 03/03/2021*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Ronald D. Coleman**
Dhillon Law Group, Inc.
8 Hillsdale Avenue
Montclair, NJ 07042
(973) 298-1723
Email: rcoleman@dhillonlaw.com
*ATTORNEY TO BE NOTICED*

**Todd Rapp Friedman**
1101 Brickell Ave
Suite S-700
Miami, FL 33131
786-536-7190
Email: todd@toddfriedmanpa.com
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**LAURA LOOMER**                    represented by    **Steven William Teppler**
2046 Treasure Coast Plaza                              (See above for address)
Suite A#138                                            *TERMINATED: 03/03/2021*
Vero Beach, FL 32960                                   *LEAD ATTORNEY*
*A Florida Individual*                                 *ATTORNEY TO BE NOTICED*

                                                       **Arielle Klepach**
                                                       (See above for address)
                                                       *PRO HAC VICE*
                                                       *ATTORNEY TO BE NOTICED*

                                                       **Craig William Young**

*ATTORNEY TO BE NOTICED*

**Erielle Azerrad**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Larry Elliot Klayman**
(See above for address)
*ATTORNEY TO BE NOTICED*
*SUSPENDED 07/22/2023*

**Lauren X. Topelsohn**
(See above for address)
*TERMINATED: 03/03/2021*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Ronald D. Coleman**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Todd Rapp Friedman**
(See above for address)
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**CAIR FLORIDA, INC.**
*A Florida Corporation*

represented by **Darren Joel Spielman**
Kain Spielman, P.A.
900 SE Third Avenue
Suite 205
Ft. Lauderdale, FL 33316
954-768-9002
Fax: 954-768-0158
Email: dspielman@conceptlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Remy Green**
Cohen&Green P.L.L.C.
1639 Centre St., Suite 216
Ridgewood, NY 11385
(929) 888-9480
Email: Remy@femmelaw.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Yasir Billoo**
International Law Partners LLP
2122 Hollywood Blvd.
Hollywood, FL 33020

Fax: 954-212-0170
Email: ybilloo@ilp.law
*ATTORNEY TO BE NOTICED*

**Defendant**

**CAIR FOUNDATION**                    represented by **C. Danette Zaghari-Mask**
*A Distirct of Columbia Corparation*                    Council on American-Islamic Relations
                                                       453 New Jersey Avenue SE
                                                       Washington, DC 20003
                                                       2024888787
                                                       Email: dzaghari-mask@cair.com
                                                       *LEAD ATTORNEY*
                                                       *ATTORNEY TO BE NOTICED*

                                                       **Carolyn M. Homer**
                                                       CAIR Legal Defense Fund
                                                       453 New Jersey Avenue SE
                                                       Washington, DC
                                                       202-742-6420
                                                       Email: chomer@cair.com
                                                       *TERMINATED: 12/18/2019*
                                                       *PRO HAC VICE*
                                                       *ATTORNEY TO BE NOTICED*

                                                       **Darren Joel Spielman**
                                                       (See above for address)
                                                       *ATTORNEY TO BE NOTICED*

                                                       **Gadeir I. Abbas**
                                                       CAIR Legal Defense Fund
                                                       453 New Jersey Avenue SE
                                                       Washington, Dc 20003
                                                       202-742-6420
                                                       Email: gabbas@cair.com
                                                       *PRO HAC VICE*
                                                       *ATTORNEY TO BE NOTICED*

                                                       **Justin Sadowsky**
                                                       CAIR Legal Defense Fund
                                                       453 New Jersey Avenue SE
                                                       Washington, DC 20003
                                                       202-742-6420
                                                       Email: jsadowsky@cair.com
                                                       *PRO HAC VICE*
                                                       *ATTORNEY TO BE NOTICED*

                                                       **Lena F. Masri**
                                                       CAIR Legal Defense Fund
                                                       453 New Jersey Avenue SE
                                                       Washington, DC 20003
                                                       202-742-6420
                                                       Email: lmasri@cair.com
                                                       *PRO HAC VICE*

**Remy Green**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Yasir Billoo**
(See above for address)
*TERMINATED: 10/20/2019*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Twitter, Inc.**              represented by **Remy Green**
*A Delaware Corporation*                        (See above for address)
                                           *PRO HAC VICE*
                                           *ATTORNEY TO BE NOTICED*

**Defendant**

**John Does 1-5**              represented by **Remy Green**
                                           (See above for address)
                                           *PRO HAC VICE*
                                           *ATTORNEY TO BE NOTICED*

**Defendant**

**Craig W Young**           represented by **Craig William Young**
CWY Legal & Consulting                        (See above for address)
2500 Quantum Lakes Drive                    *ATTORNEY TO BE NOTICED*
Ste 100
Boynton Beach, FL 33426
5615681000

**Intervenor**

**Dhillon Law Group, Inc**        represented by **Seth Adam Kolton**
*TERMINATED: 07/02/2025*                      Shendell & Pollock PL
                                           2700 N Military Trail
                                           Suite 218-A
                                           Boca Raton, FL 33431-7392
                                           561-241-2323
                                           Fax: 561-2330
                                           Email: seth@shendellpollock.com
                                           *LEAD ATTORNEY*
                                           *ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 08/22/2019 | 1 | NOTICE OF REMOVAL (STATE COURT COMPLAINT ) Filing fee $ 400.00 receipt number 113C-11924333, filed by CAIR FLORIDA, INC., CAIR FOUNDATION. (Attachments: # 1 Exhibit Exhibit A, # 2 Exhibit Exhibit B)(Billoo, Yasir) Text Modified on 8/22/2019 (cds). No Answer/Motion To Dismiss Filed. (Entered: 08/22/2019) |
| 08/22/2019 | 2 | Clerks Notice of Judge Assignment to Judge Rodolfo A Ruiz. |

Pursuant to 28 USC 636(c), the parties are hereby notified that the U.S. Magistrate Judge Bruce E. Reinhart is available to handle any or all proceedings in this case. If agreed, parties should complete and file the Consent form found on our website. It is not necessary to file a document indicating lack of consent.

Pro se (NON-PRISONER) litigants may receive Notices of Electronic Filings (NEFS) via email after filing a Consent by Pro Se Litigant (NON-PRISONER) to Receive Notices of Electronic Filing. The consent form is available under the forms section of our website. (cds) (Entered: 08/22/2019)

| | | |
|---|---|---|
| 08/22/2019 | 3 | Clerks Notice to Filer re: Electronic Case. No Civil Cover Sheet. Filer is instructed to file a Notice (Other) with the Civil Cover Sheet attached within 24 hours of the notice. (cds) (Entered: 08/22/2019) |
| 08/23/2019 | 4 | NOTICE Of Filing Civil Coversheet by CAIR FLORIDA, INC., CAIR FOUNDATION (Billoo, Yasir)Text Modified on 8/23/2019 (cqs). (Entered: 08/23/2019) |
| 08/23/2019 | 5 | NOTICE of Attorney Appearance by Steven William Teppler on behalf of ILLOOMINATE MEDIA, INC., LAURA LOOMER (Teppler, Steven) (Entered: 08/23/2019) |
| 08/23/2019 | 6 | NOTICE of Attorney Appearance by Steven William Teppler on behalf of ILLOOMINATE MEDIA, INC., LAURA LOOMER (Teppler, Steven) (Entered: 08/23/2019) |
| 08/23/2019 | 7 | MOTION to Remand to State Court by ILLOOMINATE MEDIA, INC., LAURA LOOMER. (Attachments: # 1 Text of Proposed Order Proposed Order)(Teppler, Steven) (Entered: 08/23/2019) |
| 08/26/2019 | 8 | NOTICE of Attorney Appearance by Darren Joel Spielman on behalf of CAIR FLORIDA, INC.. Attorney Darren Joel Spielman added to party CAIR FLORIDA, INC. (pty:dft). (Spielman, Darren) (Entered: 08/26/2019) |
| 08/27/2019 | 9 | MOTION for Extension of Time to File Motion for Remand and Motion to Dismiss by CAIR FLORIDA, INC., CAIR FOUNDATION. Responses due by 9/10/2019 (Billoo, Yasir) (Entered: 08/27/2019) |
| 08/27/2019 | 10 | PAPERLESS ORDER DENYING 9 Defendant's Motion to Set a Briefing Schedule for Motion to Remand and Motion to Dismiss Proceedings. Signed by Judge Rodolfo A Ruiz on 8/27/2019. (fc) (Entered: 08/27/2019) |
| 08/29/2019 | 11 | Joint MOTION to Dismiss the State Court Complaint contained within the Notice of Removal with Prejudice 1 Notice of Removal (State Court Complaint), by CAIR FLORIDA, INC., CAIR FOUNDATION. Responses due by 9/12/2019 (Attachments: # 1 Exhibit A)(Spielman, Darren) (Entered: 08/29/2019) |
| 09/06/2019 | 12 | RESPONSE to Motion re 7 MOTION to Remand to State Court filed by CAIR FOUNDATION. Replies due by 9/13/2019. (Attachments: # 1 Exhibit B, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E)(Billoo, Yasir) (Entered: 09/06/2019) |
| 09/19/2019 | 13 | RESPONSE in Support re 11 Joint MOTION to Dismiss the State Court Complaint contained within the Notice of Removal with Prejudice 1 Notice of Removal (State Court Complaint), filed by CAIR FLORIDA, INC., CAIR FOUNDATION. (Spielman, Darren) (Entered: 09/19/2019) |
| 09/26/2019 | 14 | MOTION for Leave to File *Motion to Leave to File Nunc Pro Tunc and to Stay Motion to Dismiss* by ILLOOMINATE MEDIA, INC., LAURA LOOMER. (Attachments: # 1 Affidavit Affirmation in Support of Motion, # 2 Exhibit Exhibit 1, # 3 Text of Proposed Order Proposed Order)(Teppler, Steven) (Entered: 09/26/2019) |

| 09/26/2019 | 15 | Corrected MOTION for Leave to File *Motion to Leave to File Nunc Pro Tunc and to Stay Motion to Dismiss* by ILLOOMINATE MEDIA, INC., LAURA LOOMER. (Attachments: # 1 Affidavit Affirmation, # 2 Exhibit Exhibit 1, # 3 Text of Proposed Order Proposed Order)(Teppler, Steven) (Entered: 09/26/2019) |
|---|---|---|
| 10/09/2019 | 16 | STIPULATED MOTION for Substitution of Counsel. Substituting Danette Zaghari-Mask for Yasir Billoo by CAIR FOUNDATION. Attorney C. Danette Zaghari-Mask added to party CAIR FOUNDATION(pty:dft). Responses due by 10/23/2019 (Zaghari-Mask, C.) (Entered: 10/09/2019) |
| 10/09/2019 | 17 | RESPONSE in Opposition re 15 Corrected MOTION for Leave to File *Motion to Leave to File Nunc Pro Tunc and to Stay Motion to Dismiss* filed by CAIR FLORIDA, INC., CAIR FOUNDATION. Replies due by 10/16/2019. (Zaghari-Mask, C.) (Entered: 10/09/2019) |
| 10/20/2019 | 18 | OMNIBUS ORDER. Signed by Judge Rodolfo A Ruiz on 10/20/2019. See attached document for full details. (fc) (Entered: 10/20/2019) |
| 10/22/2019 | 19 | ORDER DENYING 7 Plaintiffs' Motion to Remand, dismissing all claims against CAIR Florida, and setting hearing on Defendants' Joint Motion to Dismiss for November 18, 2019 at 4:00 p.m. Signed by Judge Rodolfo A Ruiz on 10/22/2019. See attached document for full details. (fc) (Entered: 10/22/2019) |
| 10/23/2019 | 20 | MOTION to Appear Pro Hac Vice, Consent to Designation, and Request to Electronically Receive Notices of Electronic Filing for Lena F. Masri, Gadeir I. Abbas, and Justin Sadowsky. Filing Fee $ 225.00 Receipt # 113C-12087397 by CAIR FOUNDATION. Responses due by 11/6/2019 (Attachments: # 1 Proposed Order)(Zaghari-Mask, C.) (Entered: 10/23/2019) |
| 10/25/2019 | 21 | PAPERLESS ORDER GRANTING 20 Motion to Appear Pro Hac Vice, Consent to Designation, and Request to Electronically Receive Notices of Electronic Filing for Attorney(s) Lena F. Masri, Gadeir I. Abbas, and Justin Sadowsky. Signed by Judge Rodolfo A Ruiz on 10/25/2019. (fc) (Entered: 10/25/2019) |
| 10/31/2019 | 22 | First MOTION to Appear Pro Hac Vice, Consent to Designation, and Request to Electronically Receive Notices of Electronic Filing for Lauren X. Topelsohn. *all defendants* Filing Fee $ 75.00 Receipt # 113C-12110843 by ILLOOMINATE MEDIA, INC., LAURA LOOMER. Responses due by 11/14/2019 (Attachments: # 1 Certification Lauren X. Topelsohn Certification, # 2 Text of Proposed Order, # 3 Certification Certificate of Good Standing, # 4 Certification Certificate of Service)(Teppler, Steven) (Entered: 10/31/2019) |
| 10/31/2019 | 23 | First MOTION to Appear Pro Hac Vice, Consent to Designation, and Request to Electronically Receive Notices of Electronic Filing for Ronald D. Coleman. *all defendants* Filing Fee $ 75.00 Receipt # 113C-12110899 by ILLOOMINATE MEDIA, INC., LAURA LOOMER. Responses due by 11/14/2019 (Attachments: # 1 Certification Ronald D. Coleman Certification, # 2 Certification Certificate of Good Standing, # 3 Text of Proposed Order, # 4 Certification Certificate of Service)(Teppler, Steven) (Entered: 10/31/2019) |
| 10/31/2019 | 24 | RESPONSE in Opposition re 11 Joint MOTION to Dismiss the State Court Complaint contained within the Notice of Removal with Prejudice 1 Notice of Removal (State Court Complaint), filed by ILLOOMINATE MEDIA, INC., LAURA LOOMER. Replies due by 11/7/2019. (Attachments: # 1 Affidavit, # 2 Exhibit, # 3 Exhibit, # 4 Exhibit, # 5 Certification)(Teppler, Steven) (Entered: 10/31/2019) |
| 11/01/2019 | 25 | PAPERLESS ORDER GRANTING 22 Motion to Appear Pro Hac Vice, Consent to Designation, and Request to Electronically Receive Notices of Electronic Filing for |

USCA11 Case: 25-12673 Document: 23 Date Filed: 09/29/2025 Page: 11 of 51

| | | Attorney Lauren R. Topelsohn. Signed by Judge Rodolfo A Ruiz on 11/1/2019. (fc) (Entered: 11/01/2019) |
|---|---|---|
| 11/01/2019 | 26 | PAPERLESS ORDER GRANTING 23 Motion to Appear Pro Hac Vice, Consent to Designation, and Request to Electronically Receive Notices of Electronic Filing for Attorney Ronald D. Coleman. Signed by Judge Rodolfo A Ruiz on 11/1/2019. (fc) (Entered: 11/01/2019) |
| 11/06/2019 | 27 | REPLY to Response to Motion re 11 Joint MOTION to Dismiss the State Court Complaint contained within the Notice of Removal with Prejudice 1 Notice of Removal (State Court Complaint), filed by CAIR FOUNDATION. (Zaghari-Mask, C.) (Entered: 11/06/2019) |
| 11/13/2019 | 28 | MOTION to Appear Pro Hac Vice, Consent to Designation, and Request to Electronically Receive Notices of Electronic Filing for Carolyn Homer. Filing Fee $ 75.00 Receipt # 113C-12145646 by CAIR FOUNDATION. Responses due by 11/27/2019 (Attachments: # 1 Text of Proposed Order)(Zaghari-Mask, C.) (Entered: 11/13/2019) |
| 11/14/2019 | 29 | PAPERLESS ORDER DENYING WITHOUT PREJUDICE 28 Motion to Appear Pro Hac Vice, Consent to Designation, and Request to Electronically Receive Notices of Electronic Filing for Attorney. The "wherefore" clause of the Motion includes individuals who are not seeking pro hac admission, or who have already been admitted. Similarly, the pro hac vice certification contains an incorrect name that does not match the signor. Signed by Judge Rodolfo A Ruiz on 11/14/2019. (fc) (Entered: 11/14/2019) |
| 11/14/2019 | 30 | Corrected MOTION to Appear Pro Hac Vice, Consent to Designation, and Request to Electronically Receive Notices of Electronic Filing for Carolyn Homer. Filing Fee $ 75.00 Amended/Corrected Motion to Appear Pro Hac Vice Filed - Filing Fees Previously Paid. See 28 Motion to Appear Pro Hac Vice, by CAIR FOUNDATION. Responses due by 11/29/2019 (Attachments: # 1 Text of Proposed Order)(Zaghari-Mask, C.) (Entered: 11/14/2019) |
| 11/15/2019 | 31 | PAPERLESS ORDER GRANTING 30 Motion to Appear Pro Hac Vice, Consent to Designation, and Request to Electronically Receive Notices of Electronic Filing for Attorney Carolyn Homer. Signed by Judge Rodolfo A Ruiz on 11/15/2019. (fc) (Entered: 11/15/2019) |
| 11/18/2019 | 32 | PAPERLESS Minute Entry for proceedings held before Judge Rodolfo A Ruiz: Motion Hearing held on 11/18/2019 re 11 Joint MOTION to Dismiss. Argument heard. Order to follow. Attorney Appearance(s): Darren Joel Spielman, C. Danette Gallagher-Mask, Carolyn M. Homer, Ronald D. Coleman (via telephone), Court Reporter: Gizella Baan-Proulx, 954-769-5568 / Gizella_Baan-Proulx@flsd.uscourts.gov. (gp) (Entered: 11/18/2019) |
| 11/19/2019 | 33 | ORDER GRANTING 11 Defendants' Motion to Dismiss and Closing Case. Signed by Judge Rodolfo A Ruiz on 11/19/2019. See attached document for full details. (fc) (Entered: 11/19/2019) |
| 11/26/2019 | 34 | Notice of Appeal as to 33 Order on Motion to Dismiss by ILLOOMINATE MEDIA, INC., LAURA LOOMER. Filing fee $ 505.00 receipt number 113C-12180249. Within fourteen days of the filing date of a Notice of Appeal, the appellant must complete the Eleventh Circuit Transcript Order Form regardless of whether transcripts are being ordered [Pursuant to FRAP 10(b)]. For information go to our FLSD website under Transcript Information. (Teppler, Steven) (Entered: 11/26/2019) |
| 11/27/2019 | | Transmission of Notice of Appeal and Docket Sheet to US Court of Appeals re 34 Notice of Appeal. Notice has been electronically mailed. (hh) (Entered: 11/27/2019) |

| 12/03/2019 | 35 | Acknowledgment of Receipt of NOA from USCA re 34 Notice of Appeal, filed by ILLOOMINATE MEDIA, INC., LAURA LOOMER. Date received by USCA: 11/27/19. USCA Case Number: 19-14741-G. (hh) (Entered: 12/03/2019) |
| --- | --- | --- |
| 12/04/2019 | 36 | TRANSCRIPT INFORMATION FORM by ILLOOMINATE MEDIA, INC., LAURA LOOMER re 34 Notice of Appeal,. Pre-trial Hearing transcript(s) ordered. Order placed by Steven W Teppler. Email sent to Court Reporter Coordinator. (Teppler, Steven) (Entered: 12/04/2019) |
| 12/04/2019 | 37 | COURT REPORTER ACKNOWLEDGMENT re 36 Transcript Information Form. Court Reporter: Gizella Baan-Proulx, 954-769-5568 / Gizella_Baan-Proulx@flsd.uscourts.gov. Estimated filing date of transcript 1-4-2020. USCA number 19-14741. (gbx) (Entered: 12/04/2019) |
| 12/10/2019 | 38 | TRANSCRIPT of Motions Hearing held on 11-18-2019 before Judge Rodolfo A Ruiz, 1-60 pages, Court Reporter: Gizella Baan-Proulx, 954-769-5568 / Gizella_Baan-Proulx@flsd.uscourts.gov. Transcript may be viewed at the court public terminal or purchased by contacting the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 12/31/2019. Redacted Transcript Deadline set for 1/10/2020. Release of Transcript Restriction set for 3/9/2020. (gbx) (Entered: 12/10/2019) |
| 12/10/2019 | 39 | TRANSCRIPT NOTIFICATION - Transcript(s) ordered on: 12-4-2019 by Steven W. Teppler, Esq. has/have been filed by Court Reporter: Gizella Baan-Proulx, 954-769-5568 / Gizella_Baan-Proulx@flsd.uscourts.gov re 36 Transcript Information Form. (gbx) (Entered: 12/10/2019) |
| 12/13/2019 | 40 | Joint MOTION to Stay *Fee Briefing* by CAIR FOUNDATION. Responses due by 12/27/2019 (Attachments: # 1 Text of Proposed Order)(Zaghari-Mask, C.) (Entered: 12/13/2019) |
| 12/16/2019 | 41 | Consent MOTION for Bill of Costs by CAIR FOUNDATION. Responses due by 12/30/2019 (Attachments: # 1 Exhibit Exhibit A, # 2 Exhibit Exhibit B, # 3 Exhibit Exhibit C, # 4 Exhibit Exhibit D, # 5 Exhibit Exhibit E)(Zaghari-Mask, C.) (Entered: 12/16/2019) |
| 12/17/2019 | 42 | ORDER GRANTING 40 Joint Motion to Defer Fee Briefing. Signed by Judge Rodolfo A Ruiz on 12/17/2019. See attached document for full details. (fc) (Entered: 12/17/2019) |
| 12/17/2019 | 43 | MOTION to Withdraw as Attorney by Carolyn M. Homer for / by CAIR FOUNDATION. Responses due by 12/31/2019 (Attachments: # 1 Text of Proposed Order)(Zaghari-Mask, C.) (Entered: 12/17/2019) |
| 12/18/2019 | 44 | PAPERLESS ORDER GRANTING 43 Motion to Withdraw as Attorney. Carolyn M. Homer is withdrawn from case. Signed by Judge Rodolfo A Ruiz on 12/18/2019. (fc) (Entered: 12/18/2019) |
| 01/29/2020 | 45 | ORDER DENYING 41 Defendant's Motion for Bill of Costs. Signed by Judge Rodolfo A Ruiz on 1/29/2020. See attached document for full details. (fc) (Entered: 01/29/2020) |
| 01/30/2020 | 46 | Consent MOTION for Bill of Costs by CAIR FOUNDATION. Responses due by 2/13/2020 (Attachments: # 1 Memorandum Memorandum in Support, # 2 Exhibit Exhibit A, # 3 Exhibit Exhibit B, # 4 Exhibit Exhibit C, # 5 Exhibit Exhibit D, # 6 Exhibit Exhibit E)(Zaghari-Mask, C.) (Entered: 01/30/2020) |
| 01/31/2020 | 47 | ORDER granting 46 Defendant CAIR Foundation's Consent Motion for Bill of Costs. Defendant CAIR Foundation is awarded $906 in taxable costs pursuant to 28 U.S.C. |

| | | section 1920. *See attached document for full details.* Signed by Judge Rodolfo A Ruiz on 1/31/2020. (mhn) (Entered: 01/31/2020) |
|---|---|---|
| 07/20/2020 | 48 | Pursuant to F.R.A.P. 11(c), the Clerk of the District Court for the Southern District of Florida certifies that the record is complete for purposes of this appeal re: 34 Notice of Appeal, Appeal No. 19-14741-GG. The entire record on appeal is available electronically. (hh) (Entered: 07/20/2020) |
| 02/10/2021 | 49 | ORDER of USCA, Appellees Motion to Transfer Fee Application is GRANTED as to 34 Notice of Appeal, filed by ILLOOMINATE MEDIA, INC., LAURA LOOMER, USCA # 19-14741-GG (hh) (Entered: 02/10/2021) |
| 02/11/2021 | 50 | MANDATE of USCA, AFFIRMING judgment/order of the district court as to 34 Notice of Appeal, filed by ILLOOMINATE MEDIA, INC., LAURA LOOMER ; Date Issued: 2/11/21 ; USCA Case Number: 19-14741-GG (hh) (Entered: 02/11/2021) |
| 02/22/2021 | 51 | Unopposed MOTION to Withdraw as Attorney by Steven W Teppler for / by ILLOOMINATE MEDIA, INC., LAURA LOOMER. Responses due by 3/8/2021 (Attachments: # 1 Exhibit Notice of Intent to Withdraw, # 2 Text of Proposed Order Proposed Order)(Teppler, Steven) (Entered: 02/22/2021) |
| 02/23/2021 | 52 | Amended MOTION to Withdraw as Attorney by Steven W Teppler for / by ILLOOMINATE MEDIA, INC., LAURA LOOMER. Responses due by 3/9/2021 (Attachments: # 1 Text of Proposed Order Amended Proposed Order, # 2 Exhibit Notice of Intent to Withdraw)(Teppler, Steven) (Entered: 02/23/2021) |
| 03/03/2021 | 53 | ORDER GRANTING MOTION TO WITHDRAW AS COUNSEL, granting 52 Motion to Withdraw as Attorney. Steven William Teppler representing ILLOOMINATE MEDIA, INC. (Plaintiff) and LAURA LOOMER (Plaintiff); Attorney Lauren X. Topelsohn representing ILLOOMINATE MEDIA, INC. (Plaintiff) and LAURA LOOMER (Plaintiff); withdrawn from case. Notice of Termination delivered by US Mail to Lauren Topelsohn. Signed by Judge Rodolfo A. Ruiz, II on 3/3/2021. *See attached document for full details.* (mee) (Entered: 03/04/2021) |
| 03/04/2021 | 54 | Moot in light of 53 ORDER GRANTING MOTION TO WITHDRAW AS COUNSEL. (co) (Entered: 03/04/2021) |
| 04/12/2021 | 55 | Joint MOTION for Attorney Fees *by CAIR FOUNDATION. INC. and by CAIR FLORIDA, INC..* Responses due by 4/26/2021 (Attachments: # 1 Exhibit A (Offer of Judgment), # 2 Exhibit B (Masri Declaration), # 3 Exhibit C (Abbas Declaration), # 4 Exhibit D (Sadowsky Declaration), # 5 Exhibit E (Homer Declaration), # 6 Exhibit F (Zaghari-Mask Declaration), # 7 Exhibit G (Abadin Declaration))(Spielman, Darren) (Entered: 04/12/2021) |
| 04/12/2021 | 56 | NOTICE by CAIR FLORIDA, INC. re 55 Joint MOTION for Attorney Fees *by CAIR FOUNDATION. INC. and Additional Exhibit H in connection with Motion for Attorneys Fees* (Spielman, Darren) (Entered: 04/12/2021) |
| 05/14/2021 | 57 | ORDER REFERRING 55 Joint MOTION for Attorney Fees *by CAIR FOUNDATION. INC. and* filed by CAIR FLORIDA, INC. Motions referred to Judge Bruce E. Reinhart. Signed by Judge Rodolfo A. Ruiz, II on 5/13/2021. *See attached document for full details.* (lbc) (Entered: 05/14/2021) |
| 05/18/2021 | 58 | PAPERLESS ORDER TO SHOW CAUSE why 55 Defendants' Joint Motion for Attorneys' Fees and Costs should not be granted. Plaintiffs' Show Cause Response due by 5/25/2021. Signed by Magistrate Judge Bruce E. Reinhart on 5/18/2021. (jgy) (Entered: 05/18/2021) |

USCA11 Case: 25-12673   Document: 23   Date Filed: 09/29/2025   Page: 14 of 51

| | | |
|---|---|---|
| 06/03/2021 | 59 | ORDER Directing Plaintiffs to Obtain Proper Counsel. Plaintiffs shall have until July 6, 2021 to abide by this Order. Failure to do so may result in the Court granting Defendants' Joint Motion for Attorneys' Fees and Costs by default. Signed by Magistrate Judge Bruce E. Reinhart on 6/3/2021. *See attached document for full details.* (Attachments: # 1 Exhibit 1) (jgy) (Entered: 06/03/2021) |
| 06/03/2021 | | Reset Deadlines Per DE#59. Deadline to obtain new counsel 7/6/2021. (cqs) (Entered: 06/03/2021) |
| 07/06/2021 | 60 | NOTICE of Attorney Appearance by Craig William Young on behalf of ILLOOMINATE MEDIA, INC., LAURA LOOMER. Attorney Craig William Young added to party ILLOOMINATE MEDIA, INC.(pty:pla), Attorney Craig William Young added to party LAURA LOOMER(pty:pla). (Young, Craig) (Entered: 07/06/2021) |
| 07/06/2021 | 61 | NOTICE of Change of Address, Email or Law Firm Name by Craig William Young (Young, Craig) (Entered: 07/06/2021) |
| 07/06/2021 | 62 | Clerks Notice to Filer re 61 Notice of Change of Address, Email or Law Firm Name. **Login/Signature Block Violation**; CORRECTIVE ACTION REQUIRED - The name of attorney e-filing this document via their CM/ECF login does not match the name of attorney on the signature block of the document. The name used for login must match the typed name on signature block of the document. This filing is a violation of Section 3J(1) of CM/ECF Admin Procedures and Local Rule 5.1(b). Filer must File a Notice of Striking, then refile document pursuant to CM/ECF Admin Procedures and Local Rules. (cqs) (Entered: 07/06/2021) |
| 07/07/2021 | 63 | PAPERLESS ORDER requiring Plaintiffs to respond to 55 Defendants' Motion for Attorneys' Fees on or before July 21, 2021. Signed by Magistrate Judge Bruce E. Reinhart on 7/7/2021. (jgy) (Entered: 07/07/2021) |
| 07/08/2021 | | Set Deadlines Per DE#63. Responses due by 7/21/2021 (cqs) (Entered: 07/08/2021) |
| 07/21/2021 | 64 | RESPONSE in Opposition re 55 Joint MOTION for Attorney Fees *by CAIR FOUNDATION. INC. and CAIR FLORIDA, INC.* filed by ILLOOMINATE MEDIA, INC., LAURA LOOMER. Replies due by 7/28/2021. (Young, Craig) (Entered: 07/21/2021) |
| 07/28/2021 | 65 | REPLY to Response to Motion re 55 Joint MOTION for Attorney Fees *by CAIR FOUNDATION. INC. and CAIR Florida, Inc.* filed by CAIR FLORIDA, INC.. (Attachments: # 1 Exhibit A)(Spielman, Darren) (Entered: 07/28/2021) |
| 08/04/2021 | 66 | ORDER granting in part and denying in part 55 Defendants' Joint Motion for Attorneys' Fees and Additional Costs. Signed by Magistrate Judge Bruce E. Reinhart on 8/4/2021. *See attached document for full details.* (jgy) (Entered: 08/04/2021) |
| 09/01/2021 | 67 | NOTICE of Attorney Appearance by Larry Elliot Klayman on behalf of ILLOOMINATE MEDIA, INC., LAURA LOOMER. Attorney Larry Elliot Klayman added to party ILLOOMINATE MEDIA, INC.(pty:pla), Attorney Larry Elliot Klayman added to party LAURA LOOMER(pty:pla). (Klayman, Larry) (Entered: 09/01/2021) |
| 09/01/2021 | 68 | Notice of Appeal as to 66 Order on Motion for Attorney Fees by ILLOOMINATE MEDIA, INC., LAURA LOOMER. Filing fee $ 505.00 receipt number AFLSDC-14977601. Within fourteen days of the filing date of a Notice of Appeal, the appellant must complete the Eleventh Circuit Transcript Order Form regardless of whether transcripts are being ordered [Pursuant to FRAP 10(b)]. For information go to our FLSD website under Transcript Information. (Attachments: # 1 Exhibit)(Klayman, Larry) (Entered: 09/01/2021) |

| 09/01/2021 | | Transmission of Notice of Appeal, Order under appeal and Docket Sheet to US Court of Appeals re 68 Notice of Appeal, Notice has been electronically mailed. (kpe) (Entered: 09/01/2021) |
|---|---|---|
| 09/02/2021 | 69 | Acknowledgment of Receipt of NOA from USCA re 68 Notice of Appeal, filed by ILLOOMINATE MEDIA, INC., LAURA LOOMER. Date received by USCA: 9/1/2021. USCA Case Number: 21-13018-JJ. (apz) (Entered: 09/02/2021) |
| 11/09/2021 | 70 | ORDER of DISMISSAL from USCA. This appeal is DISMISSED, sua sponte, for lack of jurisdiction re 68 Notice of Appeal, filed by ILLOOMINATE MEDIA, INC., LAURA LOOMER. USCA #21-13018-JJ. (apz) (Entered: 11/09/2021) |
| 11/09/2021 | 71 | (STRICKEN PER DE#72) MOTION for Extension of Time Extension of Time to File Objections to Magistrate Reinhart's Order of August 4, 2021 Nunc Pro Tunc by ILLOOMINATE MEDIA, INC., LAURA LOOMER. Responses due by 11/23/2021 (Klayman, Larry)Text Modified on 11/10/2021 (cqs). (Entered: 11/09/2021) |
| 11/09/2021 | 72 | PAPERLESS ORDER Striking Plaintiffs' Motion for Extension of Time to File Objections to Magistrate Reinhart's Order of August 4, 2021 Nunc Pro Tunc [ECF No. 71] ("Motion"). Per Local Rule 7.1(3), "Prior to filing any motion in a civil case... counsel for the movant shall confer (orally or in writing), or make reasonable effort to confer (orally or in writing), with all parties or non-parties who may be affected by the relief sought in the motion in a good faith effort to resolve by agreement the issues to be raised in the motion." As no Certificate of Conferral was included in the Motion, Plaintiffs' Motion is **STRICKEN**. Signed by Judge Rodolfo A. Ruiz, II on 11/9/2021. (jb) (Entered: 11/09/2021) |
| 11/10/2021 | 73 | MOTION for Extension of Time Extension of Time to File Objections to Magistrate Reinhart's Order of August 4, 2021 Nunc Pro Tunc and Objections by ILLOOMINATE MEDIA, INC., LAURA LOOMER. Responses due by 11/24/2021 (Attachments: # 1 Exhibit Exhibit 1)(Klayman, Larry) (Entered: 11/10/2021) |
| 11/11/2021 | 74 | RESPONSE in Opposition re 73 MOTION for Extension of Time Extension of Time to File Objections to Magistrate Reinhart's Order of August 4, 2021 Nunc Pro Tunc and Objections Joint Opposition by CAIR Foundation, Inc. and CAIR Florida, Inc. filed by CAIR FLORIDA, INC.. Replies due by 11/18/2021. (Attachments: # 1 Exhibit 1 (meet and confer email correspondence))(Spielman, Darren) (Entered: 11/11/2021) |
| 01/13/2022 | 75 | PAPERLESS ORDER Granting Plaintiffs' Motion for Extension of Time to File Objections to Magistrate Judge Reinhart's Order ECF No. 73 . Plaintiffs' objections attached to their Motion at ECF No. [73-1] will be deemed filed and timely. Signed by Judge Rodolfo A. Ruiz, II on 1/13/2022. (jb) (Entered: 01/13/2022) |
| 01/27/2022 | 76 | NOTICE by CAIR FLORIDA, INC. re 75 Order on Motion for Extension of Time, CAIR FOUNDATION, INC. AND CAIR FLORIDA, INC.S RESPONSE TO PLAINTIFFS OBJECTIONS TO MAGISTRATES AWARD OF FEES (Spielman, Darren) (Entered: 01/27/2022) |
| 02/03/2022 | 77 | ORDER DENYING PLAINTIFF'S OBJECTIONS TO MAGISTRATE JUDGE'S re [ECF No. 73-1]; ORDER GRANTING IN PART AND DENYING IN PART 66 DEFENDANT'S JOINT MOTION ATTORNEYS' FEES AND COSTS. The Order [ECF No. 66] is AFFIRMED. Signed by Judge Rodolfo A. Ruiz, II on 2/02/2022. See attached document for full details. (cds) Modified Signature Date on 2/3/2022 (cds). (Entered: 02/03/2022) |
| 03/03/2022 | 78 | Notice of Appeal by ILLOOMINATE MEDIA, INC., LAURA LOOMER re: 77 Order. Filing fee $ 505.00 receipt number AFLSDC-15446324. Within fourteen days of the filing date of a Notice of Appeal, the appellant must complete the Eleventh Circuit Transcript |

USCA11 Case: 25-12673    Document: 33    Date Filed: 09/29/2025    Page: 16 of 51

| | | |
|---|---|---|
| | | Order Form regardless of whether transcripts are being ordered [Pursuant to FRAP 10(b)]. For information go to our FLSD website under Transcript Information. (Attachments: # 1 Exhibit)(Klayman, Larry) (linked docket entry number) Text Modified on 3/4/2022 (hh). (Entered: 03/03/2022) |
| 03/03/2022 | 79 | Clerks Notice to Filer re 78 Notice of Appeal. **Document Not Linked**; ERROR - The filed document was not linked to the related docket entry. The correction was made by the Clerk. It is not necessary to refile this document. (hh) (Entered: 03/04/2022) |
| 03/04/2022 | | Transmission of Notice of Appeal and Docket Sheet to US Court of Appeals re 78 Notice of Appeal. Notice has been electronically mailed. (hh) (Entered: 03/04/2022) |
| 03/08/2022 | 80 | Acknowledgment of Receipt of NOA from USCA re 78 Notice of Appeal, filed by ILLOOMINATE MEDIA, INC., LAURA LOOMER. Date received by USCA: 3/4/22. USCA Case Number: 22-10718-AA. (hh) (Entered: 03/08/2022) |
| 04/15/2022 | 81 | Pursuant to 11th Cir. R. 11-2 and 11th Cir. R. 11-3, the Clerk of the District Court for the Southern District of Florida certifies that the record is complete for purposes of this appeal re: 78 Notice of Appeal, Appeal No. 22-10718-AA. The entire record on appeal is available electronically. (hh) (Entered: 04/15/2022) |
| 11/30/2022 | 82 | MANDATE of USCA (certified copy) AFFIRMED Order of the district court with USCA court's opinion as to 78 Notice of Appeal, filed by ILLOOMINATE MEDIA, INC., LAURA LOOMER. Date Issued:11/30/2022. USCA Case Number: 22-10718-AA. (jes) (Entered: 12/01/2022) |
| 02/09/2023 | 83 | MOTION for Judgment by CAIR FLORIDA, INC., CAIR FOUNDATION. Attorney Darren Joel Spielman added to party CAIR FOUNDATION(pty:dft). (Attachments: # 1 Exhibit A - Fact Information Sheet, # 2 Text of Proposed Order)(Spielman, Darren) (Entered: 02/09/2023) |
| 02/13/2023 | 84 | Final Judgment. Signed by Judge Rodolfo A. Ruiz, II on 2/13/2023. *See attached document for full details*. (lgr) (Entered: 02/13/2023) |
| 04/14/2023 | 85 | MOTION to Appear Pro Hac Vice, Consent to Designation, and Request to Electronically Receive Notices of Electronic Filing for Remy Green. Filing Fee $ 200.00 Receipt # AFLSDC-16536768 by CAIR FLORIDA, INC., CAIR FOUNDATION. Responses due by 4/28/2023 (Spielman, Darren) (Entered: 04/14/2023) |
| 04/14/2023 | 86 | PAPERLESS ORDER granting 85 Motion to Appear *Pro Hac Vice*, Consent to Designation, and Request to Electronically Receive Notices of Electronic Filing for attorney Remy Green. Signed by Judge Rodolfo A. Ruiz, II on 4/14/2023. (lgr) (Entered: 04/14/2023) |
| 04/18/2023 | 87 | MOTION to Compel *Compliance with Final Judgment (ECF 84)* by CAIR FLORIDA, INC., CAIR FOUNDATION. Responses due by 5/2/2023 (Spielman, Darren) (Entered: 04/18/2023) |
| 04/20/2023 | 88 | ORDER REFERRING 87 MOTION to Compel *Compliance with Final Judgment (ECF 84)* filed by CAIR FLORIDA, INC., CAIR FOUNDATION. Motions referred to Judge Bruce E. Reinhart. Signed by Judge Rodolfo A. Ruiz, II on 4/19/2023. *See attached document for full details*. (cqs) (Entered: 04/20/2023) |
| 05/02/2023 | 89 | RESPONSE to Motion re 87 MOTION to Compel *Compliance with Final Judgment (ECF 84) PLAINTIFFS RESPOSNE TO MOTION TO COMPEL COMPLIANCE WITH ECF NO. 84 AND MOTION TO STAY* filed by ILLOOMINATE MEDIA, INC., LAURA LOOMER. Replies due by 5/9/2023. (Klayman, Larry) (Entered: 05/02/2023) |

| 05/03/2023 | 90 | PAPERLESS ORDER granting 87 Defendants Motion to Compel Compliance with ECF No. 84. Plaintiffs malpractice allegations against their counsel are irrelevant to the Courts February 13, 2022, Order requiring them to complete under oath Florida Rule of Civil Procedure Form 1.977 (Fact Information Sheet) and serve it on the Defendants. Plaintiffs shall provide the completed Fact information Sheet, with all required attachments, to Defendants on or before May 15, 2023 at 5:00 p.m. Eastern Time. By the same date, Plaintiffs shall file a notice of compliance certifying that the required information was provided to Defendants. If Plaintiffs fail to certify compliance with this order by May 15, 2023 at 5:00 p.m. Eastern Time, a separate order to show cause why this Court should not certify facts to the District Judge and recommend that Plaintiffs be held in civil contempt will be entered. Signed by Magistrate Judge Bruce E. Reinhart on 5/3/2023. (kso) (Entered: 05/03/2023) |
|---|---|---|
| 05/15/2023 | 91 | NOTICE by ILLOOMINATE MEDIA, INC., LAURA LOOMER *PLAINTIFFS NOTICE OF HAVING COMPLIED WITH THIS COURTS ORDER OF MAY 3, 2023 ON MOTION TO COMPEL* (Klayman, Larry) (Entered: 05/15/2023) |
| 05/19/2023 | 92 | NOTICE by CAIR FLORIDA, INC., CAIR FOUNDATION re 91 Notice (Other) , *Defendants' Objection to Plaintiffs' Notice of Compliance* (Spielman, Darren) (Entered: 05/19/2023) |
| 05/19/2023 | 93 | NOTICE by ILLOOMINATE MEDIA, INC., LAURA LOOMER re 92 Notice (Other) *INTERIM RESPONSE TO OBJECTION TO CERTIFICATION/NOTICE* (Klayman, Larry) (Entered: 05/19/2023) |
| 05/22/2023 | 94 | PAPERLESS ORDER deeming 92 Defendants' Notice of Objection to 91 Plaintiffs' Notice of Compliance to be a Motion for Contempt Sanctions.<br><br>Plaintiff Illoominate Media, Inc. shall respond to the motion **on or before June 1, 2023 at 5:00 pm Eastern Time.** Plaintiff's response shall specifically address whether it complied with 90 the Court's May 3, 2023, Order and whether its certification of compliance was accurate. Signed by Magistrate Judge Bruce E. Reinhart on 5/22/2023. (kso) (Entered: 05/22/2023) |
| 05/22/2023 | | Set Deadlines Per DE#94. Responses due by 6/1/2023 (cqs) (Entered: 05/22/2023) |
| 06/01/2023 | 95 | NOTICE by ILLOOMINATE MEDIA, INC., LAURA LOOMER re 94 Order,, *PLAINTIFFS RESPONSE TO ORDER OF MAGISTRATE JUDGE BRUCE E. REINHART OF MAY 22, 2023* (Klayman, Larry) (Entered: 06/01/2023) |
| 06/05/2023 | 96 | PAPERLESS ORDER. In light of Plaintiffs' representation at ECF No. 95 that they have complied with the Court's May 3, 2023 Order 90 ("Order"), Defendants shall file a notice on or before June 12, 2023, advising the Court whether Defendants agree Plaintiffs have complied with the Order and specifying what contempt sanctions, if any, the Defendants seek. Signed by Magistrate Judge Bruce E. Reinhart on 6/5/2023. (kso) (Entered: 06/05/2023) |
| 06/09/2023 | 97 | Defendant's EXPEDITED MOTION FOR EXTENSION OF TIME TO FILE REPLY PURSUANT TO ECF NO. 96 re 96 Order, by CAIR FLORIDA, INC., CAIR FOUNDATION. (Attachments: # 1 Text of Proposed Order)(Spielman, Darren) (Entered: 06/09/2023) |
| 06/10/2023 | 98 | PAPERLESS ORDER granting 97 Defendants' Expedited Motion for Extension of Time to File Reply Pursuant to ECF No. 96. Defendants shall file a notice on or before July 12, 2023, advising the Court whether Defendants agree Plaintiffs have complied with the May 3, 2023 Order and specifying what contempt sanctions, if any, the Defendants seek. Signed by Magistrate Judge Bruce E. Reinhart on 6/9/2023. (kso) (Entered: 06/10/2023) |

| 07/07/2023 | 99 | Defendant's EXPEDITED MOTION FOR EXTENSION OF TIME TO FILE REPLY PURSUANT TO ECF NO. 98 re 98 Order on Expedited Motion, by CAIR FLORIDA, INC., CAIR FOUNDATION. (Attachments: # 1 Text of Proposed Order)(Spielman, Darren) (Entered: 07/07/2023) |
| --- | --- | --- |
| 07/07/2023 | 100 | PAPERLESS ORDER granting 99 Defendants' Second Expedited Motion for Extension of Time to File Reply Pursuant to ECF No. 98. Defendants shall file a notice on or before July 26, 2023, advising the Court whether Defendants agree Plaintiffs have complied with the May 3, 2023 Order and specifying what contempt sanctions, if any, the Defendants seek. Signed by Magistrate Judge Bruce E. Reinhart on 7/7/2023. (kso) (Entered: 07/07/2023) |
| 07/26/2023 | 101 | Defendant's EXPEDITED MOTION FOR EXTENSION OF TIME TO FILE REPLY PURSUANT TO ECF NO. 100 re 100 Order on Expedited Motion, by CAIR FLORIDA, INC., CAIR FOUNDATION. (Attachments: # 1 Text of Proposed Order)(Spielman, Darren) (Entered: 07/26/2023) |
| 07/26/2023 | 102 | PAPERLESS ORDER granting 101 Defendants' Third Expedited Motion for Extension of Time to File Reply. Defendants shall file a notice on or before August 9, 2023, advising the Court whether Defendants agree Plaintiffs have complied with the May 3, 2023 Order and specifying what contempt sanctions, if any, the Defendants seek. No further extensions will be granted. Signed by Magistrate Judge Bruce E. Reinhart on 7/26/2023. (kso) (Entered: 07/26/2023) |
| 08/09/2023 | 103 | NOTICE Of Filing Stipulation by CAIR FLORIDA, INC. re 102 Order on Expedited Motion, (Attachments: # 1 Text of Proposed Order Stipulation and Proposed Order of Settlement) (Spielman, Darren)Text Modified on 8/9/2023 (cqs). (Entered: 08/09/2023) |
| 08/10/2023 | 104 | PAPERLESS ORDER. On April 20, 2023, the Honorable Rodolfo A. Ruiz II referred 87 Defendants' Motion to Compel Compliance with Final Judgment to me to take all action as required by law. ECF No. 88 . On May 3, 2023, I granted Defendants' Motion to Compel and required Plaintiffs to file a notice of compliance, by May 15, 2023, certifying that the required information was provided to Defendants. ECF No. 90 . After Plaintiffs filed their notice of compliance 91 , Defendants filed an objection to Plaintiffs' notice. ECF No. 92 . It now appears that the issues raised in Defendants' objection have been resolved. *See* ECF No. 103 . Therefore, to the extent the Court construed Defendants' objection to be a Motion for Contempt Sanctions, that motion is denied as moot. If Defendants seek other relief, they need to request that relief through a separate motion directed to the District Court. Signed by Magistrate Judge Bruce E. Reinhart on 8/10/2023. (kso) (Entered: 08/10/2023) |
| 08/30/2023 | 105 | MOTION for Settlement *Order Based Upon Stipulation* by CAIR FLORIDA, INC., CAIR FOUNDATION. Responses due by 9/13/2023 (Attachments: # 1 Text of Proposed Order)(Spielman, Darren) (Entered: 08/30/2023) |
| 09/05/2023 | 106 | Order Granting Defendants' Motion for Entry of Stipulation. Signed by Judge Rodolfo A. Ruiz, II on 9/5/2023. *See attached document for full details*. (lgr) (Entered: 09/05/2023) |
| 07/15/2024 | 107 | MOTION to Compel *COMPLIANCE WITH ECF NO. 105-1/106 AND/OR FOR CONTEMPT* by CAIR FLORIDA, INC., CAIR FOUNDATION. Responses due by 7/29/2024. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Text of Proposed Order)(Spielman, Darren) (Entered: 07/15/2024) |
| 07/16/2024 | 108 | ORDER REFERRING 107 MOTION to Compel *COMPLIANCE WITH ECF NO. 105-1/106 AND/OR FOR CONTEMPT* filed by CAIR FLORIDA, INC., CAIR FOUNDATION. Motions referred to Judge Bruce E. Reinhart. Signed by Judge Rodolfo |

| | | A. Ruiz, fi on 7/15/2024. *See attached document for full details.* (cqs) (Entered: 07/16/2024) |
|---|---|---|
| 07/29/2024 | 109 | RESPONSE In Opposition to 107 MOTION to Compel *COMPLIANCE WITH ECF NO. 105-1/106 AND/OR FOR CONTEMPT* by LAURA LOOMER. (Attachments: # 1 Exhibit A)(cqs) (Entered: 07/29/2024) |
| 07/29/2024 | 110 | MOTION for Extension of Time retain counsel To Respond re 107 MOTION to Compel *COMPLIANCE WITH ECF NO. 105-1/106 AND/OR FOR CONTEMPT* by LAURA LOOMER For Illoominate Media, Inc. Responses due by 8/12/2024. (cqs) (Entered: 07/29/2024) |
| 07/29/2024 | 111 | PAPERLESS ORDER taking under advisement 110 Plaintiff's Motion for Extension of Time and directing Defendants to respond as to their position on Plaintiff's request for a two week extension no later than **8/1/2024 at 5pm EST.** Signed by Magistrate Judge Bruce E. Reinhart on 7/29/2024. (vbi) (Entered: 07/29/2024) |
| 07/29/2024 | 112 | APPENDIX to 110 MOTION for Extension of Time retain counsel re 107 MOTION to Compel *COMPLIANCE WITH ECF NO. 105-1/106 AND/OR FOR CONTEMPT* , 109 Response/Reply (Other) by LAURA LOOMER (cds) (Entered: 07/30/2024) |
| 08/01/2024 | 113 | RESPONSE TO THE COURT'S ORDER AT ECF NO. 111 . by CAIR FLORIDA, INC., CAIR FOUNDATION re 111 Order on Motion for Extension of Time, (Spielman, Darren) Text and link Modified on 8/1/2024 (cqs). (Entered: 08/01/2024) |
| 08/01/2024 | 114 | Clerk's Notice to Filer re 113 Notice (Other). **Wrong Event Selected**; ERROR - The Filer selected the wrong event. The document was Corrected by the Clerk. It is not necessary to refile this document. Please use the correct event when docketing. (cqs) (Entered: 08/01/2024) |
| 08/01/2024 | 115 | PAPERLESS ORDER. In light of Defendants' non opposition, 110 Plaintiff's Motion for Extension of Time as to Illoominate Media Inc. is granted. **The deadline for the corporation to hire counsel and submit a response is 8/16/2024 at 5pm EST.** Failure to comply may result in this Court granting the Motion to Compel Compliance and or for contempt against Illoominate Media, Inc. Once the response is filed, the deadline for Defendants to submit a reply as to both Plaintiffs is 8/23/2024.<br><br>"The Plaintiffs are reminded that Illoominate Media, Inc. is a corporation, it cannot proceed *pro se* and must be represented by counsel." *See Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381, 1385-1386 (11th Cir. 1985), cert. denied, 474 U.S. 1058 (1986) ("The rule is well established that a corporation is an artificial entity that can act only through agents, cannot appear pro se, and must be represented by counsel."); *Nat'l Indep. Theatre Exhibitors, Inc. v. Buena Vista Distribution Co.*, 748 F.2d 602, 609 (11th Cir. 1985), cert. denied, 471 U.S. 1056 (1985). Therefore, any response to the Motion filed on behalf of Illoominate Media, Inc. must be submitted through counsel. Additionally, while Ms. Loomer is proceeding *pro se* she is still required to comply with the Local Rules and failure to do so may result in sanctions. Signed by Magistrate Judge Bruce E. Reinhart on 8/1/2024. (vbi) Modified text/status per Chambers on 8/19/2024 (sk). (Entered: 08/01/2024) |
| 08/01/2024 | | Reset Deadlines Per DE#115. Deadline to obtain new counsel 8/16/2024. (cqs) (Entered: 08/01/2024) |
| 08/16/2024 | 116 | MOTION for Extension of Time To Respond re 107 MOTION to Compel *COMPLIANCE WITH ECF NO. 105-1/106 AND/OR FOR CONTEMPT* by LAURA LOOMER. Responses due by 8/30/2024. (cqs) (Additional attachment(s) added on 8/19/2024: # 1 Duplicate Filing) (cqs). (Entered: 08/19/2024) |

| 08/21/2024 | 117 | PAPERLESS ORDER denying 116 Motion for Extension of Time as to Illoominate Media, Inc., for failure to show good cause. Fed R. Civ. P. 6(b). The time for a response has now expired and the Defendants shall file their reply as to the *pro se* Plaintiff no later than 8/23/2024. Signed by Magistrate Judge Bruce E. Reinhart on 8/21/2024. (vbi) (Entered: 08/21/2024) |
|---|---|---|
| 08/21/2024 | 118 | MOTION for Extension of Time To Respond re 107 MOTION to Compel *COMPLIANCE WITH ECF NO. 105-1/106 AND/OR FOR CONTEMPT* by LAURA LOOMER. Responses due by 9/4/2024. (cqs) (Entered: 08/21/2024) |
| 08/21/2024 | 119 | PAPERLESS ORDER denying 118 Motion for Extension of Time as to Illoominate Media, Inc., for the same reasons set forth in ECF No. 117 . The reply deadline remains the same. Signed by Magistrate Judge Bruce E. Reinhart on 8/21/2024. (vbi) (Entered: 08/21/2024) |
| 08/22/2024 | 120 | NOTICE of Striking *Section 2 of the Settlement Agreement* by Craig W Young. Attorney Craig William Young added to party Craig W Young(pty:dft). (Young, Craig) (Entered: 08/22/2024) |
| 08/23/2024 | 121 | RESPONSE to Motion re 107 MOTION to Compel *COMPLIANCE WITH ECF NO. 105-1/106 AND/OR FOR CONTEMPT* filed by CAIR FLORIDA, INC., CAIR FOUNDATION. Replies due by 8/30/2024. (Spielman, Darren) (Entered: 08/23/2024) |
| 08/26/2024 | 122 | MOTION for Leave to File Sur reply To Motion To Compel and for Contempt. by LAURA LOOMER. (cqs) (Entered: 08/26/2024) |
| 08/27/2024 | 123 | SUPPLEMENT to 122 MOTION for Leave to File by LAURA LOOMER (Attachments: # 1 Exhibit, # 2 Exhibit)(cqs) (Entered: 08/27/2024) |
| 08/27/2024 | 124 | PAPERLESS ORDER denying 122 Plaintiff's Motion to file a sur-reply. However, in light of ECF No. 120 , the Plaintiff in **her individual capacity** is directed to file a notice **limited to whether she objects to the settlement agreement between Defendants and Mr. Young as now proposed.** Plaintiff shall file her notice no later than 9/3/2024 at 5pm EST. Signed by Magistrate Judge Bruce E. Reinhart on 8/27/2024. (vbi) (Entered: 08/27/2024) |
| 08/27/2024 | 125 | SUPPLEMENT to 122 MOTION for Leave to File by LAURA LOOMER (cqs) (Entered: 08/28/2024) |
| 08/29/2024 | 126 | PAPERLESS ORDER construing 125 to be a Motion for Reconsideration of the Court's Order in ECF No. 124 . The Court DENIES Plaintiff's Motion for Reconsideration. If the Plaintiff, in her individual capacity, wishes to object to the settlement agreement as proposed in ECF No. 120 , the Plaintiff shall file a notice of intent to object no later than 9/3/2024 at 5pm EST. Signed by Magistrate Judge Bruce E. Reinhart on 8/29/2024. (vbi) (Entered: 08/29/2024) |
| 09/03/2024 | 127 | NOTICE OF INTENT TO OBJECT by LAURA LOOMER (cqs) (Entered: 09/03/2024) |
| 09/10/2024 | 128 | ORDER granting in part 107 Defendants' Motion to Compel Compliance and taking under advisement Defendants' Motion for Contempt and Attorneys' Fees. Signed by Magistrate Judge Bruce E. Reinhart on 9/10/2024. *See attached document for full details.* (vbi) (Entered: 09/10/2024) |
| 10/02/2024 | 129 | MOTION for Extension of Time To Respond re 128 Order on Motion to Compel, by LAURA LOOMER. Responses due by 10/16/2024. (Attachments: # 1 Exhibit 1, # 2 Exhibit A-B, # 3 Exhibit c-D)(cqs) (Entered: 10/02/2024) |
| 10/02/2024 | 130 | RESPONSE in Opposition re 129 MOTION for Extension of Time To Respond re 128 Order on Motion to Compel, filed by CAIR FLORIDA, INC., CAIR FOUNDATION. |

| | | Replies due by 10/9/2024. (Spielman, Darren) (Entered: 10/02/2024) |
|---|---|---|
| 10/02/2024 | 131 | MOTION for Extension of Time To Respond by LAURA LOOMER. Responses due by 10/16/2024. (cqs) (Entered: 10/03/2024) |
| 10/03/2024 | | Motions terminated: 131 . Duplicate of ECF No. 129 . (vbi) (Entered: 10/03/2024) |
| 10/03/2024 | 132 | PAPERLESS ORDER denying 129 Motion for Extension of Time. The deadline to comply shall remain and failure to comply may subject Plaintiffs to sanctions. Signed by Magistrate Judge Bruce E. Reinhart on 10/3/2024. (vbi) (Entered: 10/03/2024) |
| 10/11/2024 | 133 | Notice of Appeal re 126 Order, 119 Order on Motion for Extension of Time, 128 Order on Motion to Compel, 117 Order on Motion for Extension of Time, by LAURA LOOMER. Filing fee $ 605.00 Receipt#: 292954. Within fourteen days of the filing date of a Notice of Appeal, the appellant must complete the Eleventh Circuit Transcript Order Form regardless of whether transcripts are being ordered [Pursuant to FRAP 10(b)]. For information go to our FLSD website under All Forms and look for Transcript Order Form www.flsd.uscourts.gov/forms/all-forms. (jgo) (Entered: 10/15/2024) |
| 10/15/2024 | | Transmission of Notice of Appeal, Orders under appeal, and Docket Sheet to US Court of Appeals re 133 Notice of Appeal. Notice has been electronically mailed. (jgo) (Entered: 10/15/2024) |
| 10/15/2024 | 134 | CLERK'S NOTICE of Mailing Pro Se Instructions to Laura Loomer re 133 Notice of Appeal. (jgo) (Entered: 10/15/2024) |
| 10/18/2024 | 135 | Acknowledgment of Receipt of NOA from USCA re 133 Notice of Appeal, filed by LAURA LOOMER. Date received by USCA: 10/16/2024. USCA Case Number: 24-13324-G. (apz) (Entered: 10/18/2024) |
| 10/30/2024 | 136 | EXPEDITED MOTION Contempt and to Enforce Settlement Agreement re 106 Order by CAIR FLORIDA, INC., CAIR FOUNDATION. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Text of Proposed Order)(Spielman, Darren) (Entered: 10/30/2024) |
| 11/01/2024 | 137 | MOTION to Stay re 136 EXPEDITED MOTION Contempt and to Enforce Settlement Agreement re 106 Order by LAURA LOOMER. Responses due by 11/15/2024. (Attachments: # 1 Exhibit)(gqa) (Entered: 11/01/2024) |
| 11/01/2024 | 138 | RESPONSE in Opposition (For image see DE# 137) to 136 EXPEDITED MOTION Contempt and to Enforce Settlement Agreement by LAURA LOOMER. (gqa) (Entered: 11/01/2024) |
| 11/04/2024 | 139 | REPLY to Response to Motion re 136 EXPEDITED MOTION Contempt and to Enforce Settlement Agreement re 106 Order, 137 MOTION to Stay re 136 EXPEDITED MOTION Contempt and to Enforce Settlement Agreement re 106 Order filed by CAIR FLORIDA, INC., CAIR FOUNDATION. (Spielman, Darren) (Entered: 11/04/2024) |
| 11/04/2024 | 140 | MOTION to Stay re 136 EXPEDITED MOTION Contempt and to Enforce Settlement Agreement re 106 Order by LAURA LOOMER. Responses due by 11/18/2024. (gqa) (Entered: 11/06/2024) |
| 11/22/2024 | 141 | NOTICE of Filing: Stay Order of the Honorable James Sherman. by LAURA LOOMER (gqa) (Entered: 11/22/2024) |
| 12/11/2024 | 142 | Notice of Supplemental Authority re 136 EXPEDITED MOTION Contempt and to Enforce Settlement Agreement re 106 Order by CAIR FLORIDA, INC., CAIR FOUNDATION (Attachments: # 1 Exhibit) (Spielman, Darren) (Entered: 12/11/2024) |
| 12/12/2024 | 143 | Interim RESPONSE to 142 Notice of Supplemental Authority by LAURA LOOMER. (cqs) (Entered: 12/12/2024) |

| | | |
|---|---|---|
| 01/03/2025 | 144 | NOTICE of Change of Email; by Darren Joel Spielman (Spielman, Darren) (Entered: 01/03/2025) |
| 01/21/2025 | 145 | MANDATE of USCA (certified copy). This appeal is DISMISSED, sua sponte, for lack of jurisdiction. Laura Loomer, proceeding pro se, appeals from various post-judgment orders issued by a magistrate judge as well as from all other orders adverse to her. We lack jurisdiction over this appeal because [d]ecisions by a magistrate [judge] pursuant to 28 U.S.C. § 636(b) are not final orders and may not be appealed until rendered final by a district court. Donovan v. Sarasota Concrete Co., 693 F.2d 1061, 1066-67 (11th Cir. 1982); 28 U.S.C. § 636. Additionally, we lack jurisdiction to review any adverse order that was issued by the district judge because Loomer's notice of appeal is untimely to appeal from the last such ruling, which was the final judgment entered on February 13, 2023. See Green v. Drug Enft Admin., 606 F.3d 1296, 1300 (11th Cir. 2010); 28 U.S.C. § 2107(a); Fed. R. App. P. 4(a)(1)(A), (a)(7)(A); Fed. R. Civ. P. 58(a) re 133 Notice of Appeal, filed by LAURA LOOMER; Date Issued: 1/21/2025; USCA Case Number: 24-13324-GG (jgo) (Entered: 01/21/2025) |
| 01/21/2025 | 146 | Plaintiff's Motion for Judgment by LAURA LOOMER. (gqa) (Entered: 01/23/2025) |
| 01/27/2025 | 147 | RESPONSE in Opposition re 146 MOTION for Judgment filed by CAIR FLORIDA, INC., CAIR FOUNDATION. Replies due by 2/3/2025. (Attachments: # 1 Exhibit A) (Spielman, Darren) (Entered: 01/27/2025) |
| 01/31/2025 | 148 | PAPERLESS ORDER denying 146 Plaintiffs' Motion to Enter Final Judgment ("Motion"). The Motion is nonsensical, frivolous, untimely, and moot.<br><br>Plaintiffs challenge Magistrate Judge Bruce E. Reinhart's Order on October 11, 2024 ("Order"), that directed Plaintiffs "to execute documentation to finalize the Young Settlement Agreement on or before October 11, 2024." ECF No. 128 at 6. Plaintiffs complied with this Order, see ECF No. 147 Ex. A, yet blithely assert that Plaintiff Laura Loomer was "forced under threat of contempt by Magistrate Reinhart to sign an agreement with Defendants that has severely prejudiced her rights." Mot. at 2. If Plaintiffs believed that Magistrate Reinhart "forced" Plaintiffs to engage in actions unwillingly, they could have appealed that Order within fourteen days. See S.D. Fla. Magistrate R. 4(a) ("Any party may appeal from a Magistrate Judge's order determining a motion or matter under subsection 1(c) of these rules, supra, within fourteen (14) days after being served with the Magistrate Judge's order, unless a different time is prescribed by the Magistrate Judge or District Judge."). They did not. Plaintiffs' asserted yet unsupported belief "that Magistrate Reinhart's order was already a final appealable order" is simply not credible, see Mot. at 2, given that the Eleventh Circuit had already explained to Plaintiffs that they "lack jurisdiction to directly review magistrate judge orders, and an appeal from the magistrate judge's order must first be taken to the district court." See Illoominate Media et al. v. CAIR Florida et al., No. 21-13018 (11th Cir. Nov. 9, 2021) (dismissing a prior appeal in this case).<br><br>Put simply, Plaintiffs' Motion is moot. Plaintiffs had a chance to, but did not, appeal the Order within fourteen days of receiving it. In any event, Plaintiffs actually complied with and satisfied the Order's terms. See ECF No. 147 Ex. A.<br><br>The Court also is concerned with Plaintiffs' failure to follow Court rules. Defendants correctly note that Plaintiffs failed to comply with the pre-filing conference requirement under Local Rule 7.1(3) when filing the Motion, and that Plaintiffs also failed to include a required certificate of conferral. See ECF No. 147 at 5. Plaintiff Laura Loomer has also filed and signed a motion that appears to be on behalf of both herself and Illoominate Media, Inc. See Mot. at 1-2 ("Plaintiffs respectfully request that the Court expeditiously issue a final, appealable order as per the Eleventh Circuit's December 4, 2024 order so |

that this critical issue may be heard on appeal.). Ms. Loomer should know better. She is not a lawyer admitted before the Court and cannot sign motions on behalf of corporate Plaintiff Illoominate Media, Inc.

The Court warns that any further dilatory actions on behalf of Plaintiffs to unnecessarily prolong this litigation **will** result in sanctions. Signed by Judge Rodolfo A. Ruiz, II on 1/31/2025. (nn00) (Entered: 01/31/2025)

| 04/18/2025 | 149 | MOTION to Intervene by Dhillon Law Group, Inc. Attorney Seth Adam Kolton added to party Dhillon Law Group, Inc(pty:intv). (Kolton, Seth) (Entered: 04/18/2025) |
| 05/02/2025 | 150 | RESPONSE in Support re 136 EXPEDITED MOTION Contempt and to Enforce Settlement Agreement re 106 Order, 149 MOTION to Intervene filed by CAIR FLORIDA, INC., CAIR FOUNDATION. (Spielman, Darren) (Entered: 05/02/2025) |
| 06/27/2025 | 151 | ORDER, denying as moot 137 Motion to Stay; denying as moot 140 Motion to Stay. Responses due by 7/7/2025. Signed by Magistrate Judge Bruce E. Reinhart on 6/27/2025. *See attached document for full details.* (cqs) (Entered: 06/27/2025) |
| 06/30/2025 | 152 | NOTICE by CAIR FLORIDA, INC., CAIR FOUNDATION re 151 Order on Motion to Stay, (Spielman, Darren) (Entered: 06/30/2025) |
| 07/02/2025 | 153 | PAPERLESS ORDER denying 149 Motion to Intervene without prejudice. Signed by Magistrate Judge Bruce E. Reinhart on 7/2/2025. (vbi) (Entered: 07/02/2025) |
| 07/14/2025 | 154 | ORDER ON DEFENDANTS' MOTION TO COMPEL COMPLIANCEgranting in part and denying in part 136 EXPEDITED MOTION Contempt and to Enforce Settlement Agreement. Signed by Magistrate Judge Bruce E. Reinhart on 7/14/2025. *See attached document for full details.* (ksr) (Entered: 07/15/2025) |
| 07/29/2025 | 155 | Objection to Magistrate Bruce Reinhart's Order on Defendants' Motion to Compel Compliance by LAURA LOOMER. (ksr) (Entered: 07/29/2025) |
| 07/29/2025 | 156 | Objection to Magistrate Bruce Reinhart's Order on Defendants' Motion to Compel Compliance by LAURA LOOMER. (ksr) (Entered: 07/29/2025) |
| 07/29/2025 | 157 | PAPERLESS ORDER *denying* Plaintiff Laura Loomer's Objections to Magistrate Judge Bruce Reinhart's Order on Defendants' Motion to Compel Compliance ("Objections"), filed on July 29, 2025. [ECF Nos. 155, 156]. Having reviewed the Objections, and Magistrate Judge Reinhart's July 15, 2025 Order, [ECF No. 154], it is hereby **ORDERED AND ADJUDGED** that the Objections are **OVERRULED and DENIED** as set forth herein.

When timely objections are made to a Magistrate Judge's order on a non-dispositive matter, "[t]he district judge... shall consider such objections and shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a); see also Local Magistrate Judge Rule 4(a)(1) (reciting same standard). Under that standard, an order is "contrary to law" when the Magistrate Judge's legal conclusions "fail[ ] to apply or misappl[y] relevant statutes, case law, or rules of procedure." *Rodriguez v. Pan Am. Health Org.*, No. 18-24995, 2020 WL 1666757, at *2 (S.D. Fla. Apr. 3, 2020) (citation omitted).

Under this deferential standard, Magistrate Judge Reinhart's July 15, 2025, Order was not clearly erroneous. The issue before Magistrate Judge Reinhart was whether Plaintiffs would be moved to comply with a Settlement Agreement signed in July 2023. *See* [ECF No. 105]. Under the Settlement Agreement's terms, which Plaintiff Loomer signed, Defendants would have "sign off power on; veto power over; and substantive control of Plaintiff's authority" to settle certain malpractice claims against Plaintiffs' former counsel. |

*Id.* at 3a. Section 5 of the Settlement Agreement called for contempt for failure to comply with the Settlement Agreement's provisions unless compliance would be "impossible." *Id.* Magistrate Judge Reinhart reviewed the record and concluded that the binding terms of the Settlement Agreement would control, and that Plaintiff Loomer had not shown that compliance "would have been impossible" per the Settlement Agreement she signed. Magistrate Judge Reinhart thus concluded that, despite Plaintiff Loomer's exhortations that the settlement was "unethical and illegal," Plaintiff Loomer contracted her power to settle the malpractice action away when she signed the Agreement. [ECF No. 154] at 4. Magistrate Judge Reinhart therefore granted Defendants' Motion to Compel Compliance as to Plaintiff Loomer and ordered her to execute documentation to finalize the Dhillon Settlement Agreement before August 13, 2025.

Upon review, the Court does not find that Plaintiff Loomer has substantively buttressed her claims that the settlement she willingly entered into was unethical and illegal. Magistrate Judge Reinhart's ruling applied relevant facts and caselaw, and the Court declines to upset that Order. Because Magistrate Judge Reinhart's ruling was devoid of clear error, the Court **OVERRULES AND DENIES** the Objections.

Signed by Judge Rodolfo A. Ruiz, II on 7/29/2025. (nn00) (Entered: 07/29/2025)

| 08/05/2025 | 158 | Notice of Appeal re 157 Order on Motion for Reconsideration, by LAURA LOOMER. Filing fee $ 605.00 Receipt#: 9699. Within fourteen days of the filing date of a Notice of Appeal, the appellant must complete the Eleventh Circuit Transcript Order Form regardless of whether transcripts are being ordered [Pursuant to FRAP 10(b)]. For information go to our FLSD website under All Forms and look for Transcript Order Form www.flsd.uscourts.gov/forms/all-forms. (jgo) (Entered: 08/05/2025) |
|---|---|---|
| 08/05/2025 | 159 | USCA Appeal Fees received $ 605.00 receipt number 9699 re 158 Notice of Appeal, filed by LAURA LOOMER (jgo) (Entered: 08/05/2025) |
| 08/05/2025 | | Transmission of Notice of Appeal, Order under appeal, and Docket Sheet to US Court of Appeals re 158 Notice of Appeal. Notice has been electronically mailed. (jgo) (Entered: 08/05/2025) |
| 08/05/2025 | 160 | CLERK'S NOTICE of Mailing Pro Se Instructions to Laura Loomer re 158 Notice of Appeal. (jgo) (Entered: 08/05/2025) |
| 08/07/2025 | 161 | Acknowledgment of Receipt of NOA from USCA re 158 Notice of Appeal, filed by LAURA LOOMER. Date received by USCA: 08/05/2025. USCA Case Number: 25-12673-B. (jgo) (Entered: 08/08/2025) |
| 08/13/2025 | 162 | MOTION to Stay re 154 Order on Expedited Motion, by LAURA LOOMER. Responses due by 8/27/2025. (ksr) (Entered: 08/13/2025) |
| 08/14/2025 | 163 | RESPONSE in Opposition re 162 MOTION to Stay re 154 Order on Expedited Motion, filed by CAIR FLORIDA, INC., CAIR FOUNDATION. Replies due by 8/21/2025. (Spielman, Darren) (Entered: 08/14/2025) |
| 09/02/2025 | 164 | PAPERLESS ORDER *denying* Plaintiff Laura Loomer's Motion to Stay, [ECF No. 162]. Plaintiffs and Defendants settled this case in July 2023. [ECF No. 105]. The settlement agreement enabled Defendant CAIR Florida, Inc. to have "substantive control of Plaintiff's authority to settle" malpractice claims against Plaintiffs' prior attorneys, unless compliance with the terms of the agreement were "impossible." *Id.* at 3a, 5. After Plaintiffs refused to enter into a separate settlement agreement (the "Dhillon Settlement Agreement") that would resolve those malpractice claims, Defendants filed a Motion to Compel Compliance, which Magistrate Judge Bruce Reinhart granted on July 14, 2025, [ECF No. 154] ("July 14 Order"). The July 14 Order required Plaintiff Laura Loomer in |

her individual capacity and as Plaintiff Incominate's corporate representative "to execute documentation to finalize the Dhillon Settlement Agreement on or before August 13, 2025." *Id.* at 4. After Plaintiff Laura Loomer filed Objections to the July 14 Order, *see* [ECF Nos. 155, 156], this Court reviewed the July 14 Order for clear error; finding no clear error, this Court denied Plaintiff Laura Loomer's objections. *See* Paperless Order, [ECF No. 157] ("July 29 Order").

Plaintiff Laura Loomer filed a Notice of Appeal of the July 29 Order on August 5, 2025. *See* [ECF Nos. 158, 160 at 4]. After filing the Notice of Appeal, Plaintiff Laura Loomer filed a Motion to Stay the July 15 Order. In support, Plaintiff's Motion to Stay maintains that she is likely to succeed on the merits of her pending appeal for three reasons: first, that "the Order conflicts with the express language of the settlement agreement" because the settlement agreement does not explicitly "grant[] authorization to secretly settle away Ms. Loomer's substantive rights;" second, because "the amount due of any recovery-- whether by settlement, judgment or otherwise--shall be the Full Amount Due;" and third, because "as a matter of public policy, it is clear that this unethical, secret attempted settlement between [Plaintiff's prior counsel] and CAIR cannot be allowed to stand." Mot. to Stay at 1-2. Defendant CAIR states that Plaintiff has not met her burden to show that the circumstances of this case justify the Court granting the extraordinary remedy of a stay pending appeal. *See* [ECF No. 163] (first citing *Garcia-Mir v. Meese*, 781 F.2d 1450, 1455 (11th Cir. 1986); then citing *Nken v. Holder*, 556 U.S. 418, 433 (2009) (citation omitted)).

A stay pending appeal is an "extraordinary remedy." *Garcia-Mir*, 781 F.2d at 1455. Granting a stay is "an exercise of judicial discretion," *Nken*, 556 U.S. at 433, and a movant must satisfy a four-factor test to qualify for a stay: "(1) a substantial likelihood that [it] will prevail on the merits of the appeal; (2) a substantial risk of irreparable injury to the [movant] unless the injunction is granted; (3) no substantial harm to other interested persons; and (4) no harm to the public interest." *State of Fla. v. Dep't of Health and Hum. Servs.*, 19 F.4th 1271, 1279 (11th Cir. 2021). Of these four factors, the first two are "the most critical." *Id.* (quoting *Nken*, 556 U.S. at 434). "It is not enough that the chance of success on the merits be better than negligible." Id. (quoting *Nken*, 556 U.S. at 434). And "it is not enough simply to 'show[] some possibility of irreparable injury.'" Id. (quoting *Nken*, 556 U.S. at 434-35).

Here, Plaintiff represents that the express language of the settlement agreement does not permit Ms. Loomer to "secretly settle away Ms. Loomer's substantive rights," Mot. to Stay at 1, but this statement rehashes arguments that this Court squarely rejected in the Court's July 29 Order, where the Court stated that "Plaintiff Loomer contracted her power to settle the malpractice action away when she signed the Agreement." Plaintiff presents no caselaw or new arguments to change that conclusion and show that her chance of success on the merits is "better than negligible." Plaintiff does not show how she would be irreparably injured in complying with a settlement agreement she willingly entered into two years ago. And though Plaintiff represents that the settlement agreement between her prior counsel and Defendant CAIR is "unethical, secret" and "attempted" and must fail "as a matter of public policy," the Court would *frustrate* public policy by declining to enforce the terms of settlement agreements entered into by all parties.

Accordingly, Plaintiff's Motion to Stay, [ECF No. 162], is **DENIED**. Plaintiff is directed to comply with the terms of Magistrate Judge Reinhart's July 14 Order, [ECF No. 154], and execute documentation to finalize the Dhillon Settlement Agreement **by September 9, 2025**.

Signed by Judge Rodolfo A. Ruiz, II on 9/2/2025. (nn00) (Entered: 09/02/2025)

| 09/09/2025 | 165 | NOTICE of Attorney Appearance by Todd Rapp Friedman on behalf of ILLOOMINATE MEDIA, INC., LAURA LOOMER. Attorney Todd Rapp Friedman added to party ILLOOMINATE MEDIA, INC.(pty:pla), Attorney Todd Rapp Friedman added to party LAURA LOOMER(pty:pla). (Friedman, Todd) (Entered: 09/09/2025) |
|---|---|---|
| 09/09/2025 | 166 | MOTION for Extension of Time to comply with Order (DE 164) re 164 Order on Motion to Stay,,,,,,,,,,,,,,,,,,,,, by ILLOOMINATE MEDIA, INC., LAURA LOOMER. Responses due by 9/23/2025. (Friedman, Todd) (Entered: 09/09/2025) |
| 09/09/2025 | 167 | PAPERLESS ORDER *granting in part* 166 Plaintiffs' Motion for Extension of Time. Plaintiff is directed to comply with the terms of Magistrate Judge Reinhart's July 14 Order, [ECF No. 154], and execute documentation to finalize the Dhillon Settlement Agreement **by September 19, 2025.**<br><br>Signed by Judge Rodolfo A. Ruiz, II on 9/9/2025. (nn00) (Entered: 09/09/2025) |
| 09/09/2025 | 168 | Unopposed MOTION to Appear Pro Hac Vice, Consent to Designation, and Request to Electronically Receive Notices of Electronic Filing for Arielle Klepach. Filing Fee $ 250.00 Receipt # AFLSDC-18774403 by ILLOOMINATE MEDIA, INC., LAURA LOOMER. Responses due by 9/23/2025. (Attachments: # 1 Exhibit Ex A - Certification of Arielle Klepach, # 2 Text of Proposed Order Ex B - Proposed Order)(Friedman, Todd) (Entered: 09/09/2025) |
| 09/09/2025 | 169 | Unopposed MOTION to Appear Pro Hac Vice, Consent to Designation, and Request to Electronically Receive Notices of Electronic Filing for Erielle Azerrad. Filing Fee $ 250.00 Receipt # AFLSDC-18774407 by ILLOOMINATE MEDIA, INC., LAURA LOOMER. Responses due by 9/23/2025. (Attachments: # 1 Exhibit Ex A - Certification of Erielle Azerrad, # 2 Text of Proposed Order Ex B - Proposed Order)(Friedman, Todd) (Entered: 09/09/2025) |
| 09/10/2025 | 170 | PAPERLESS ORDER *granting* Motions to Appear Pro Hac Vice, Consent to Designation, and Request to Electronically Receive Notices of Electronic Filing for attorney Arielle Klepach and Erielle Azerrad, [ECF Nos. 168, 169].<br><br>Signed by Judge Rodolfo A. Ruiz, II on 9/10/2025. (nn00) (Entered: 09/10/2025) |
| 09/19/2025 | 171 | NOTICE of Compliance by ILLOOMINATE MEDIA, INC., LAURA LOOMER re 154 Order on Expedited Motion, 167 Order on Motion for Extension of Time, (Friedman, Todd) (Entered: 09/19/2025) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 09/24/2025 14:02:53 | | |
| **PACER Login:** | leklayman | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 9:19-cv-81179-RAR |
| **Billable Pages:** | 21 | **Cost:** | 2.10 |

# TAB/DKT 103

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## PALM BEACH COUNTY DIVISION

| | |
|---|---|
| ILLOOMINATE MEDIA, INC., a Florida Corporation, and LAURA LOOMER, a Florida individual | Case No. 19-CV-81179 |
| Plaintiffs, | <u>Judge Rodolfo A. Ruiz</u><br>U.S. District Judge |
| v. | <u>Judge Bruce E. Reinhart</u><br>U.S. Magistrate Judge |
| CAIR FOUNDATION, a District of Columbia corporation, et. al. | |
| Defendants. | |

### NOTICE OF FILING STIPULATION AND PROPOSED ORDER

Defendants, CAIR Florida, Inc. and CAIR Foundation (collectively, "CAIR" or "CAIR Defendants"), by and through undersigned counsel, and pursuant to this Court's orders dated May 3, 2013 (ECF 90) and July 26, 2023 (ECF 102), submit this Notice of Filing Stipulation and Proposed Order.

On May 3, 2023, this Court granted CAIR's motion to compel compliance (ECF 87) from Plaintiffs, Illoominate Media, Inc. and Laura Loomer (collectively, "Plaintiffs), with this Court's Order for final judgment issued February 13, 2023 (ECF 84).

On May 15, 2023, Plaintiffs filed their notice of compliance with ECF 90 (ECF 91) which the CAIR Defendants later objected to on May 19, 2023, (ECF 92) followed later by Plaintiffs' response to CAIRs' objection on May 19, 2023 (ECF 93).

Since then, CAIR has sought a total of three extensions of time (ECF 97, ECF 99, and ECF 101) to collectively extend the deadline to August 9, 2023 (ECF 102) for CAIR to file its reply in support of its original objection to Plaintiffs' Notice of Compliance (ECF 92).

CAIR now hereby files this Notice of Filing of an executed Stipulation and Proposed Order between the CAIR Defendants and Plaintiffs. A copy of the same is attached hereto as **Exhibit A**. Defendants request that this Court enter said attached Stipulation and Proposed Order.

## LOCAL RULE 7.1(A)(3) CERTIFICATION

Pursuant to Local Rule 7.1(A)(3), undersigned counsel for Defendants certifies that their office has conferred with Plaintiffs via email and that Plaintiffs have indicated that they consent to the relief requested in accordance with the Stipulation.

Dated: August 9, 2023

Respectfully submitted,

BY: */s/ Darren Spielman*
Darren Spielman
THE CONCEPT LAW GROUP, P.A.
6400 North Andrews Avenue
Suite 500
Fort Lauderdale, FL 33309
(754) 300-1500
dspielman@conceptlaw.com

Remy Green (*admitted pro hac vice*)
COHEN&GREEN P.L.L.C
1639 Centre St.
Suite 216
Ridgewood, NY 11385
(929) 888-9480

CAIR LEGAL DEFENSE FUND

LEFA F. MASRI (DC: 1000019)
JUSTIN SADOWSKY (DC: 977642)
453 New Jersey Ave, SE
Washington, DC 20003
Phone: (202) 742-6420
ldf@cair.com

*Counsel for CAIR-Florida, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 9, 2023, I have filed the foregoing document with the Clerk of Court using the CM/ECF system. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified in the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

*/s/ Darren Spielman*
Darren Spielman

### SERVICE LIST:

Larry Klayman, Esq.
KLAYMAN LAW GROUP, P.A.
7050 W. Palmetto Park Rd
Boca Raton, FL, 33433
Telephone: (561)558-5336
Email:leklayman@gmail.com
Ron Coleman
Dhillon Law Group, Inc.
347-996-4840
RColeman@dhillonlaw.com
646-358-8082
256 5th Ave., 4th Floor
New York, NY 10001

Craig W. Young, Esq.
CWY Legal & Consulting, LLC
2500 Quantum Lakes Dr., Suite 100,
Boynton Beach, FL 33426
Tel: (561) 568-1000
Email: Craig@cwylegal.com

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

——————————————————————X

Illoominate Media, LLC,[1] et al.,

                              Plaintiffs,

              - against -                                Case No. 9:19-cv-81179

CAIR Florida, Inc., et al.                        **STIPULATION AND**
                                                  **[PROPOSED] ORDER**
                              Defendants.          **OF SETTLEMENT**

——————————————————————X

    WHEREAS, Plaintiffs Illoominate Media, LLC and Laura Loomer ("Illoominate" and "Loomer" respectively; together, "Plaintiffs") filed this suit against Defendants CAIR Florida, Inc., CAIR Foundation, Twitter, Inc., and John Does 1-5 (CAIR Florida and CAIR Foundation together, "CAIR");

    WHEREAS, Plaintiff voluntarily dismissed Twitter without service, and never identified or served John Does 1-5 (*see* ECF No. 1 at 1);

    WHEREAS, CAIR removed this case to the Southern District of Florida;

    WHEREAS, CAIR has since obtained a final judgment in the amount of $124,423.37, plus interest, against Plaintiffs (ECF No. 84; the "Judgment");

    WHEREAS, CAIR has incurred the following costs and attorneys' fees in enforcing the Judgment, totaling $20,508.50.00 (the "Enforcement Costs"), as follows:
- Attorneys' fees of $16,452.50:
  o Remy Green (@$500/hr, for 23.8 hours), $11,900.00;
  o Justin Sadowsky (@555/hr, for 3.5 hours), $1,942.50;
  o Darren Spielman (@$300/hr, for 9.7), $2,610.00;
- Costs of:
  o $3,150.00, from BitCoin expert fees;
  o $906.00 as taxed (ECF No. 47).

    WHEREAS, with attorneys' fees, and costs, the full sum due as of the date of signing is $144,931.87.00, plus interest at the statutory rate of 5.52% per annum, from August 4, 2021 (ECF No. 66), until the date of payment (with interest, this is the "Full Amount Due");

---

[1] Misnamed in the initial filing as "Illoominate Media, Inc."

WHEREAS, Plaintiffs and CAIR (each a "Party"; together, the "Parties") wish now to settle the remaining disputes as to payment of that judgment, on the terms and conditions below;

WHEREAS, Plaintiffs have filed a suit against their prior counsel, styled *Loomer et al v. Coleman et al.,* in the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida ("*Coleman*");

WHEREAS, each Party in this matter has been represented by counsel, has had time to review the terms of this Stipulation and Order of Settlement, and agrees both Parties have received good and valuable consideration hereunder;

**NOW THEREFORE,** the parties agree as follows:

1.    **Payment.** Plaintiffs shall make a total payment of $73,500.00, as follows:

    a. **Initial Payment.** Prior to the filing of this Stipulation and Proposed Order of Settlement ("Settlement"), Plaintiffs shall make a payment of $12,000.00 (the "Initial Payment"), by way of paper check sent to _____, within 5 business days of receiving fully executed copy of this Settlement. Neither Party may file a copy of this Settlement until the Initial Payment is made, and this Settlement shall not be effective, even if filed, until the Initial Payment has been made. Failure to make the Initial Payment shall be a substantive breach of this Settlement.

    b. **Payment Over Time.** Plaintiffs shall, in monthly installments of $1,200 (or, in the case of the final payment, the remaining amount due), pay a total of $61,500.00. Those payments shall be due on the 5th of the month each month, starting with the first 5th of a month that is at least 20 days after the Initial Payment set out above.

    c. **Notice and Cure.** If Plaintiffs miss a payment under ¶ 1(b), Defendants may send a notice that the payment was missed, by email, to Plaintiffs' counsel at klaymanlaw@gmail.com. Once that email has been sent, Plaintiffs shall cure the missed payment within 5 business days. If the missed payment is not cured within those 5 business days, that missed payment is a substantive breach of this Settlement.

2.    **Non-Disparagement.**

2

a. **Disparagement Bar.** Plaintiffs shall never make any comments, of any kind, about CAIR in the future. Violation of this provision shall be a substantive breach of this Settlement.

b. **Waiver.** To the extent this clause has any issues with enforceability, Plaintiffs waive all objections thereto that are waivable.

c. **Voluntary Steps to Avoid Enforceability Objections.** Plaintiffs commit that they shall take any and all voluntary steps that are necessary to avoid creating any issues with enforceability of this agreement. This provision shall be enforceable through specific performance and in equity, subject to CAIR identifying such steps. Failure to take such voluntary steps, once they are identified, shall be a substantive breach of this Settlement.

d. **Exceptions for Responses.** Plaintiffs may publicly respond to any specific statement by Defendants or their authorized agents that discuss Plaintiffs by name. Plaintiffs may not use the exception for such responses to begin making general comments about Defendants outside of responding to the specific statement.

3.    *Coleman* **Resolution.** Plaintiffs shall, upon any recovery in *Coleman*, become immediately liable for the Full Amount Due (with credit for all payments Plaintiff has made under ¶ 1 to that date) as follows:

a. **Information.** Plaintiffs shall keep CAIR, by and through CAIR's undersigned counsel, up to date and informed about any settlement discussions, proceedings, and the like in *Coleman*; and Plaintiffs shall give CAIR reasonable notice before any settlement. Failure to provide such reasonable updates shall be a substantive breach of this Settlement.

b. **Veto Power and Settlement Authority.** CAIR shall have final sign off power on; veto power over; and substantive control of Plaintiffs' authority to settle *Coleman,* including through any offer of judgment. Plaintiffs may not settle *Coleman* without CAIR's written consent, and failure to obtain such consent is a substantive breach of this Settlement.

CAIR shall not exercise its rights under this paragraph to veto any settlement where the monetary component of the settlement provides CAIR with the Total Amount Due as of the date of such settlement.

3

    c. **Amount and Priority.** As set out above, the amount due out of any recovery — whether by settlement, judgment, or otherwise — shall be the Full Amount Due (less credit for any payments under ¶ 1 above), and CAIR shall be entitled to be paid in full before any funds are used for any other purpose whatsoever.

    d. **Escrow.** Any recovery, whether by settlement, judgment, or otherwise, in *Coleman* shall be paid into an escrow account established for this purpose by Plaintiffs' counsel (or otherwise, upon agreement), and shall not be paid to Plaintiffs, or to any other person with a direct interest in the funds. If for any reason, Plaintiffs, or their agents, assigns, employees, or other persons within their control receive the funds, Plaintiffs shall immediately place the funds into escrow. A failure to abide by this condition is a substantive breach of this settlement. CAIR shall be entitled to take the Full Amount Due (less credit for any payments under ¶ 1 above) from escrow without further notice to Plaintiffs, and the Full Amount Due shall be considered the property of CAIR at all times.

    **4.**    **Retention of Jurisdiction to Enforce.** The Court retains jurisdiction to enforce the confidential non-disparagement term of this Settlement.

    The Parties recognize the Court has discretion to reject this term, and should the Court do so, this Settlement shall be held in abeyance while the Parties discuss in good faith whether another enforcement mechanism is effective to achieve the aims of this Settlement. The availability of a robust enforcement term and mechanism are both necessary parts of the consideration the Parties have agreed to exchange, and therefore the Settlement would be ineffective without some enforcement mechanism.

    **5.**    **Enforcement.** Enforcement of this Settlement may be by contempt, and any substantive breach hereof shall be contempt of court.

    a. **Compliance and Contempt.** For the avoidance of doubt, an intentional violation of this Settlement shall constitute contempt of Court, except that Plaintiffs may raise a defense that compliance is "factually impossible" to any contempt proceeding. *See generally, Yimby, Inc. v. Fedak,* 2017 U.S. Dist. LEXIS 96700, at *9-10 (S.D.N.Y. June 22, 2017) ("a party may defend against a contempt by showing that compliance is factually impossible, but that party bears the burden of

4

production in raising the defense") (cleaned up); *Ramgoolie v. Ramgoolie*, 2020 U.S. Dist. LEXIS 33145, at *7 (S.D.N.Y. Feb. 25, 2020) (similar).

b. **Costs and Fees.** CAIR shall be entitled to its reasonable costs and attorneys' fees for any motion to enforce, which shall include any other work required (for example, without limitation, sending notices under ¶ 1(c)) in advance of such a motion.

c. **Equity and Contempt Jurisdiction.** Plaintiffs stipulate to and waive any objections to the Court's jurisdiction over enforcement of this Settlement, including the Court's contempt and equity jurisdiction.

6.    **Signatures and Counterparts.**    This Settlement may be executed in any number of counterparts, each of which shall be deemed an original and all of which together shall be deemed one and the same instrument. Electronic signatures shall be the same as any other signature.

**[SIGNATURES ON FOLLOWING PAGE]**

Dated: _7/14/2023_ , 2023

Laura Loomer
Laura Loomer

Duly sworn to before me on
the _14_ day of _July_, 2023

Mark S Healy
Notary Public

14 July, 2023

Notary Public State of Florida
Mark S Healy
My Commission  HH 283343
Expires  7/4/2026

ILLOOMINATE MEDIA, LLC

Laura Loomer, CEO
By:

Duly sworn to before me on
the _14_ day of _July_, 2023

Mark S Healy
Notary Public

14 July, 2023

Notary Public State of Florida
Mark S Healy
My Commission  HH 283343
Expires  7/4/2026

CAIR FLORIDA, INC.

By: OMAR SALEH

Duly sworn to before me on
the _24_ day of _July_, 2023

Notary Public

JOSHUA MATTHEW BABOO
Notary Public - State of Fl
Commission # HH 2042
My Comm. Expires Dec 5,
Bonded through National Notary

CAIR FOUNDATION

By:

Duly sworn to before me on
the _20th_ day of _July_, 2023

Notary Public

LENA F. MASRI
NOTARY PUBLIC - MICHIGAN
OAKLAND COUNTY
ACTING IN THE COUNTY OF OAKLAND
MY COMMISSION EXPIRES 1/22/2024

SO ORDERED

_____
U.S.D.J.

6

# TAB/DKT 154

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 19-cv-81179-RUIZ/REINHART

ILLOOMINATE MEDIA, INC., et al,

                    Plaintiffs,

vs.

CAIR FLORIDA, INC., et al.,

                    Defendants.

_____/

## ORDER ON DEFENDANTS' MOTION TO COMPEL COMPLIANCE
## [ECF No. 136]

Plaintiffs Laura Loomer and Illoominate Media, Inc., and Defendants, CAIR

Florida, Inc., CAIR Foundation, collectively ("Defendants") settled this case in July

2023. ECF No. 105. Section 3 of their Settlement Agreement discusses malpractice

claims against Ms. Loomer and Illoominate's prior attorneys. Those claims are

identified as "*Coleman*." ECF No. 105 ¶3. (emphasis in original). According to the

Settlement Agreement,

> CAIR shall have final sign off power on; veto power over; and
> substantive control of Plaintiff's authority to settle *Coleman* including
> through any offer of judgment. Plaintiffs may not settle *Coleman*
> without CAIR's written consent and failure to obtain such consent is a
> substantive breach of this Settlement.

*Id.* ¶3a. This Court retained jurisdiction to enforce the Agreement. ECF No. 106.

Section 5 of the Settlement Agreement calls for contempt for failure to comply unless

compliance is impossible. ECF No. 105 ¶5a. Section 5 also awards CAIR its "reasonable costs and attorneys' fees for any motion to enforce." *Id.* ¶5b.

Defendants move to compel compliance with the settlement agreement, specifically the *Coleman* provision. ECF No. 136. Defendants say Plaintiffs refuse to sign another settlement agreement with one of the *Coleman* Defendants, the Dhillon Law Group. ("Dhillon Settlement Agreement"). *Id.* Defendants argue Ms. Loomer and Illoominate's refusal violates the already-agreed term that gives CAIR "substantive control of [Ms. Loomer and Illoominate]'s authority to settle *Coleman.*" *Id.*

In response, Ms. Loomer says that Defendants did not have authority to attempt to settle *Coleman.* ECF No. 137.[1] Illoominate has not responded and the time to file a response has expired.

I have reviewed the Motion to Compel, Ms. Loomer's Response, the Reply, and the Settlement Agreement. ECF Nos. 105, 136, 137, 139. For the reasons stated below, Defendants' Motion to Compel Compliance is **GRANTED IN PART.** Defendants' request for contempt and attorneys' fees is taken under advisement.

## I.    DISCUSSION

When a court incorporates a settlement agreement into a final judgment or approves a settlement agreement by order and retains jurisdiction to enforce its

---

[1] In her response, Ms. Loomer also moved to stay Defendants' Motion to Compel Compliance while her appeal of this Court's prior Order compelling Plaintiffs to comply was pending. ECF No. 137. The Eleventh Circuit later dismissed the appeal for lack of jurisdiction. ECF No. 145.

terms, the court has the jurisdiction to enforce the terms of the settlement agreement even if the terms are outside the scope of the remedy sought in the original pleadings. *Paulucci v. Gen. Dynamics Corp.,* 842 So. 2d 797, 803 (Fla. 2003). "However, the extent of the court's continuing jurisdiction to enforce the terms of the settlement agreement is circumscribed by the terms of that agreement." *Id.*

At the request of the parties, this Court retained jurisdiction to enforce the terms of the Settlement Agreement. The relevant binding terms in their Settlement Agreement are that Defendants have "sign off power on; veto power over; and substantive control of Plaintiff's authority to settle *Coleman.*" ECF No. 105.

The Dhillon Law Group is one of the *Coleman* Defendants. Defendants reached a settlement with the Dhillon Law Group and both Ms. Loomer and Illoominate refused to sign off on it.

Ms. Loomer does not dispute that she refused to sign the Dhillon Settlement Agreement or that the terms of *her own* Settlement Agreement call for contempt for failure to comply. The Agreement says,

> a. **Compliance and Contempt.** For avoidance of doubt, an intentional violation of this Settlement shall constitute contempt of Court, except that Plaintiffs may raise a defense that compliance is "factually impossible" to any contempt proceeding. *See generally, Yimbly, Inc. v. Fedak,* 2017 U.S. Dist. LEXIS 96700, at *9-10 (S.D.N.Y. June 22, 2017) ("a party may defend against a contempt by showing that compliance is factually impossible, but that party bears the burden of producing in raising the defense") (cleaned up); *Ramgoolie v. Ramgoolie,* 2020 U.S. Dist. LEXIS 33145, at *7 (S.D.N.Y. Feb. 25, 2020) (similar).

**b. Costs and Fees.** CAIR shall be entitled to its reasonable costs and attorneys' fees for any motion to enforce, which shall include any other work required [].

**c. Equity and Contempt Jurisdiction.** Plaintiffs stipulate and waive any objections to the Court's Jurisdiction over enforcement of this Settlement, including the Court's contempt and equity jurisdiction.

ECF No. 105 ¶5a–c.

So, according to the Settlement Agreement, the next question is whether Ms. Loomer has shown her compliance "would have been impossible." She has not. She says the settlement agreement is "unethical and illegal" ... and that Defendants "[were not] granted authorization to secretly settle away [her] rights []." ECF No. 137 at 2. But, she contracted her "sign off power, veto power over, and substantive control of [her] to settle *Coleman*" away when she entered into the Settlement Agreement with Defendants. ECF No. 105 (emphasis in original).

## II.    CONCLUSION

The Motion to Compel Compliance is GRANTED as to Ms. Loomer and GRANTED by default as to Illoominate. Plaintiff in her individual capacity and as Illoominate's corporate representative is hereby ORDERED to execute documentation to finalize the Dhillon Settlement Agreement on or before August 13, 2025.

The Plaintiffs are further cautioned that failure to comply with this order will constitute conduct potentially subject to additional contempt sanctions. I take Defendants' Motion for contempt and attorneys' fees under advisement.

4

**DONE and ORDERED** in Chambers at West Palm Beach, Palm Beach County, in the Southern District of Florida, this 14th day of July 2025.

BRUCE E. REINHART
UNITED STATES MAGISTRATE JUDGE

5

# TAB/DKT 157

| 07/29/2025 | 157 | PAPERLESS ORDER *denying* Plaintiff Laura Loomer's Objections to Magistrate Judge Bruce Reinhart's Order on Defendants' Motion to Compel Compliance ("Objections"), filed on July 29, 2025. [ECF Nos. 155, 156]. Having reviewed the Objections, and Magistrate Judge Reinhart's July 15, 2025 Order, [ECF No. 154], it is hereby **ORDERED AND ADJUDGED** that the Objections are **OVERRULED and DENIED** as set forth herein.

When timely objections are made to a Magistrate Judge's order on a non-dispositive matter, "[t]he district judge... shall consider such objections and shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a); see also Local Magistrate Judge Rule 4(a)(1) (reciting same standard). Under that standard, an order is "contrary to law" when the Magistrate Judge's legal conclusions "fail[ ] to apply or misappl[y] relevant statutes, case law, or rules of procedure." *Rodriguez v. Pan Am. Health Org.*, No. 18-24995, 2020 WL 1666757, at *2 (S.D. Fla. Apr. 3, 2020) (citation omitted).

Under this deferential standard, Magistrate Judge Reinhart's July 15, 2025, Order was not clearly erroneous. The issue before Magistrate Judge Reinhart was whether Plaintiffs would be moved to comply with a Settlement Agreement signed in July 2023. *See* [ECF No. 105]. Under the Settlement Agreement's terms, which Plaintiff Loomer signed, Defendants would have "sign off power on; veto power over; and substantive control of Plaintiff's authority" to settle certain malpractice claims against Plaintiffs' former counsel. *Id.* at 3a. Section 5 of the Settlement Agreement called for contempt for failure to comply with the Settlement Agreement's provisions unless compliance would be "impossible." *Id.* Magistrate Judge Reinhart reviewed the record and concluded that the binding terms of the Settlement Agreement would control, and that Plaintiff Loomer had not shown that compliance "would have been impossible" per the Settlement Agreement she signed. Magistrate Judge Reinhart thus concluded that, despite Plaintiff Loomer's exhortations that the settlement was "unethical and illegal," Plaintiff Loomer contracted her power to settle the malpractice action away when she signed the Agreement. [ECF No. 154] at 4. Magistrate Judge Reinhart therefore granted Defendants' Motion to Compel Compliance as to Plaintiff Loomer and ordered her to execute documentation to finalize the Dhillon Settlement Agreement before August 13, 2025.

Upon review, the Court does not find that Plaintiff Loomer has substantively buttressed her claims that the settlement she willingly entered into was unethical and illegal. Magistrate Judge Reinhart's ruling applied relevant facts and caselaw, and the Court declines to upset that Order. Because Magistrate Judge Reinhart's ruling was devoid of clear error, the Court **OVERRULES AND DENIES** the Objections.

Signed by Judge Rodolfo A. Ruiz, II on 7/29/2025. (nn00) (Entered: 07/29/2025) |

# TAB/DKT 158

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA

ILLOOMINATE MEDIA, INC ET AL

Plaintiffs

v.

CAIR FLORIDA, INC., et al

Defendants.

**Case Number:   9:19-cv-81179**

FILED BY _____ PCS _____ D.C.

AUG 05 2025

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. – W.P.B.

## NOTICE OF APPEAL

Plaintiffs Laura Loomer ("Plaintiff") hereby appeals to the U.S. Court of Appeals for the

Eleventh Circuit the July 29, 2025 Order Denying Plaintiff Laura Loomer's Objections to

Magistrate Judge Bruce Reinhart's Order on Defendants' Motion to Compel Compliance.

Dated: July 31, 2025

Respectfully Submitted,

*/s/ Laura Loomer*
Laura Loomer
PO Box 651444
Vero Beach, FL 32965
laura.loomer93@gmail.com

*Pro Se*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 1, 2025 the foregoing was served on counsel for

Defendants via U.S. mail at:

J. Remy Green
1639 Centre St., Ste. 216, Ridgewood NY 11385

*/s/ Laura Loomer*

1

August 1, 2025

Via Federal Express

U.S. District Court for the Southern District of Florida
Clerk of the Court
701 Clematis Street, Room 202
West Palm Beach, FL 33401

**Re:** ___Illoominate Media Inc et al v. CAIR Florida Inc et al, 9:19-cv-81179___

Dear Clerk

Enclosed herein is Plaintiff's Notice of Appeal to be filed in this case•

Sincerely,

8/1/2025

*Laura Loomer*

Laura Loomer
Plaintiff Pro Se





SHIP DATE: 05AUG25
ACTWGT: 0.10 LB
CAD: 6370418/MILANO50

PO BOX 650444
VERO BEACH, FL 32965
UNITED STATES US

TO US DISTRICT COURT SOUTHERN FL
CLERK OF THE COURT
701 CLEMATIS ST
RM 202
ATTN: CASE NUMBER 9:19-CV-81179
WEST PALM BEACH FL 33401

FedEx
Express
E

TRK#
8832 5415 2596

TUE – 05 AUG 10:30A
MORNING 2DAY

SP PBIA

33401
FL-US   PBI

# FedEx

# Envelope

# Recycle me.

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on September 26, 2025 a true and correct copy of

the foregoing was served on counsel for Appellees via U.S. mail at:

J. Remy Green
1639 Centre St., Ste. 216, Ridgewood NY 11385

/s/ *Laura Loomer*

3

all Pak

ORIGIN ID:NDVA  (310) 595-0800
LAURA LOOMER, PRO SE

2020 PENNSYLVANIA AVE NW

WASHINGTON, DC 20006
UNITED STATES US

SHIP DATE: 26SEP25
ACTWGT: 1.00 LB
CAD: 6571310/ROSA2650

BILL THIRD PARTY

TO US COURT OF APPEAL FOR THE 11TH CIR
CLERK OF THE COURT
56 FORSYTH ST NW

ATLANTA GA 30303

(000) 000-0000
INV:
PO:                      REF:

DEPT:

FedEx
Express

E



TRK# 8847 1008 8600
0201

SATURDAY 9:30A
FIRST OVERNIGHT

XO QFEA

30303
GA-US    ATL

TO REUSE: Mark through all previous shipping labels and

Align top of FedEx Express® shipping label h

CLEARED SECTION

SEP 26 25

U.S. ORIGIN COURT MANIFEST ADDRESS.COM

11TH CIRCUIT COURT

Part # 158287435 FEDEXPRS

FedEx Exp 08/25

FedEx

SDR

FedEx Saturday Delivery

Align bottom of peel-and-stick airbill or pouc

15196SLL 10/04 MWI